## McCONNELL v. THE STATE.

CONTEMPT.—*Constructive Contempt.—Affidavit.*—If proceedings against a party for a constructive contempt are commenced by affidavit, all the facts necessary to constitute the contempt should be stated in the affidavit.

SAME.—Until a party has been subpœnaed to attend before the grand jury, or a subpœna has been issued for him, it is not a contempt of court for a person to induce him to absent himself in order that he may not be subpœnaed.

McConnell *v.* The State.

SAME.—*Sufficiency of Affidavit.*—An affidavit charging an indicted person with a contempt of court by informing a witness, subpœnaed to testify on the trial of the indictment, that it was non-prossed, and thus procuring the witness not to attend, without showing that the statement was untrue, is insufficient.

From the Randolph Circuit Court.

*J. E. Neff, J. S. Engle, J. J. Cheney,* and *W. A. Thompson,* for appellant.

*J. C. Denny,* Attorney General, for the State.

WORDEN, C. J.—The proper prosecuting attorney filed an affidavit and an information against the appellant for a contempt of court. Such proceedings were had thereon as that the appellant was fined for the supposed contempt in the sum of twenty-five dollars. From the judgment below, he appeals to this court.

The affidavit, which was made by one William Chapman, alleges, in substance, that on the 30th of April, 1874, there were four indictments pending in the Randolph Circuit Court against the appellant, for selling intoxicating liquors without license, upon which the name of the affiant was placed as prosecuting witness; that warrants had been issued on said indictments for the arrest of the appellant, and that subpœnas had been issued and served on the affiant requiring him to appear and testify as a witness in said causes at the then pending term of the court. The subpœnas were served about a week or ten days before the court.

That on Monday, of the second week of the term, the appellant told the affiant that all the cases against the appellant (including those above mentioned), in which the affiant was the prosecuting witness, had been non-prossed by the prosecuting attorney, and that said witness would not be needed or required to testify further in them ; and that if the affiant would go away and absent himself from the court, he could not be got as a witness before the grand jury, and said non-prossed cases got up against him again. The appellant desired the affiant to stay away until the affair was over, the grand jury being then in session. The appellant then and there " unlawfully," " wickedly," and "corruptly," gave to the

affiant the sum of fifteen dollars, as the inducement to the affiant to absent himself as aforesaid, the affiant believing said indictments were non-prossed, and that he would no longer be required as a witness in said cases, and in consideration of said fifteen dollars so paid, he did absent himself from said court on said second Monday thereof, and continued absent ten days.

Exception was taken to the sufficiency of this affidavit.

The supposed contempt was constructive, and not direct; that is, it was committed in the absence, and not in the presence of the court. In *Whittem* v. *The State*, 36 Ind. 196, 213, it was held, that "the proceeding against a party for a constructive contempt must be commenced by either a rule to show cause, or by an attachment, and such rule should not be made or attachment issued, unless upon affidavit specifically making the charge."

The theory that in such case an affidavit should be filed implies that all the facts necessary to constitute the contempt should be stated in the affidavit.

Thus tested, the affidavit is defective and insufficient. The witness does not appear to have been subpœnaed to attend before the grand jury, and until he was subpœnaed, or until there was a subpœna issued for him, it was clearly no contempt for the appellant to induce him to absent himself in order that he might not be subpœnaed. Until there was a subpœna issued for the witness, there was no process of the court to be evaded. There can be no contempt in evading, or inducing another to evade, process that has not issued. We need not determine what would have been the result if a subpœna had been issued, but not served upon the witness to attend before the grand jury. As none had been issued, we decide the case upon that state of facts.

The gist of the offence seems to have been in procuring the witness to be absent, so that he might not be subpœnaed and compelled to testify before the grand jury, and what we have said above disposes of that branch of the case. But he had been subpœnaed to appear and testify on the trial of

the indictments.   But the witness was informed by the
appellant that the indictments were non-prossed.   This
statement is not shown by the affidavit to have been untrue,.
nor does it appear thereby that the witness was called or
required to testify upon any trial of the indictments.  In any
aspect of the case, therefore, the affidavit is insufficient.

The judgment below is reversed, and the cause remanded..