## STATE v. EDWARDS.

During the progress of a trial, defendant published in his newspaper the following article: "A Family Affair. * * * The trial judge and the sheriff are well-known popocrats. Caddy, the prisoner, belongs to the same party. The five witnesses for the defendant, who have been indicted for perjury, are all popocrats. The defendant's lawyer is a lifelong democrat; and last, but by no means least, our informant says that every man out of the special venire of 24 is also a prominent pop or democrat. The only republican in the entire push is the prosecuting attorney. Such a political color to the affair seems strange, and the selection of that sort of a venire seems rotten." *Held*, that such publication was not calculated to influence, embarrass, or obstruct the court in the due administration of justice, and defendant was not guilty of contempt of court in publishing the article.

(Opinion filed March 1, 1902.)

Error to circuit court, Lawrence county. HON. JOSEPH MOORE, Judge.

Thomas D. Edwards was adjudged guilty of contempt of court, and brings error. Reversed.

*Granville G. Bennett,* for plaintiff in error.

*John L. Pyle,* Attorney General, *Alva E. Taylor,* Assistant Attorney General, and *Robert C. Hayes,* State's Attorney, for the state.

HANEY, P. J. This proceeding is based upon an affidavit or information charging the defendant with the publication of the following article during the trial of the action referred to therein: "A

well known old timer who was attending the Caddy trial yesterday was struck by a peculiar political atmosphere which he noticed. The trial judge and the sheriff are well known popocrats. Caddy, the prisoner, belongs to the same party. The five witnesses for the defendant, who have been indicted for perjury, are all popocrats. Frawley, the defendant's lawyer, is a life-long democrat; and, last, but by no means least, our informant says that every man out of the special jury venire of twenty-four is also a prominent pop or democrat. The only republican in the entire push is Robert Hayes, the prosecuting attorney. Such a political color to the affair seems strange, and the selecting of that sort of a venire seems rotten." Defendant's demurrer having been overruled, he filed the following answer: "Now comes Thomas D. Edwards, respondent in the above-entitled proceeding, and for answer and return to the order to show cause herein, states and alleges: (1) Admits that he is proprietor, editor and publisher of the Lead City Tribune, and that he wrote and printed in said paper the article entitled 'A Family Affair', as the same is substantially copied in the affidavit of Robert C. Hayes, and made the basis of this proceeding, but in so doing he intended no disrespect to, or offense against, the court. (2) Denies that said article contains any statement or allegation that can be tortured into an attack upon the honor or integrity of the court, or any insinuation against the judicial honesty or fairness of the presiding judge, or that he reflected upon or questioned or impugned the honesty, integrity, or competency of the jury, or any of them, called, sworn, and impaneled in the cause then on trial. (3) Denies that said article contained any comments upon or allusions to said trial, to the manner in which the same was being conducted, or to any evidence adduced therein, or made mention of the same in any manner prejudicial to the prosecution or

defense. (4) Denies that said article was calculated to influence, intimidate, impede, or embarrass the court and jury in the trial and determination of the cause then being tried, for that it contained no threat against either the court or jury; it contained no charge of corruption, dishonesty, or incompetency against either the court or jury; it contained nothing that would make the duty of the court and jury more difficult of performance, or impede the due administration of justice, or embarrass the court and jury in the trial of said action then pending, or that could have tendency to do so. (5) Said article contained no insinuation or intimation, directly or by innuendo, that the court and jury would not do exact justice in the cause then on trial, or that the defendant would be convicted or acquitted, or that he was guilty or not guilty." No evidence having been introduced, the proceeding was submitted on argument of counsel, and defendant was sentenced to pay a fine of $100.

Only such publications as are calculated to influence, intimidate, impede, embarras, or obstruct courts in the due administration of justice in matters pending before them constitute indirect or constructive contempts. State v. Sweetland, 3 S. D. 503, 54 N. W. 415. As this is a criminal proceeding, in considering the probable effect of the publication every fair and reasonable inference consistent with the theory of defendant's innocence should be indulged. In its ultimate analysis, the article contains, as statements of fact, that the trial judge, sheriff, defendant, defendant's witnessess, and all the jurors, are adherents of the same combination of political parties, and that defendant's lawyer is a life-long democrat, and, as expressions of opinion, that such a political color to the affair seems strange, and that the selecting of such a venire seems rotten. It certainly could not have embarrassed the learned

circuit judge to have the fact published that he belonged to the political coalition responsible for his own elevation to the circuit bench.    It cannot be inferred that any intelligent and reasonable reader of the publication would assume that he or either of the jurors would fail in the faithful discharge of his official duties because he and the prisoner were members of the same political organization; it nowhere appearing that the action was of such a nature as to excite political prejudice, or any unusual interest in the county where it was being tried.    No intelligent and reasonable person would infer from reading the article that the judge was responsible for the acts of the sheriff in selecting the special venire.    He might conclude from the alleged action of the sheriff either that that officer desired to secure an exceptionally reliable jury, or that he designed to bestow all the patronage of his office upon his political friends. Were the latter view taken, it might be said that the sheriff's conduct was not consistent with the highest standards of official propriety, but no one could reasonably contend that it was wholly without precedent in this state.    Evidently the publishers of the article regarded the exclusion of republicans as reprehensible, but the expression of their opinion was so extravagent and inelegant as to deprive their criticisms of any force or effect.    It will be readily conceded that the writer of the article displayed exceedingly bad taste, but it is impossible to conclude that its publication, under the circumstances disclosed by the record, was calculated to influence or affect in the slightest degree any one connected with the action to which it referred, or to affect in any manner whatever the due administration of justice in relation thereto.

The judgment is reversed, with directions to discharge the defendant, if in custody, or, if on bail, to exonerate the same.