### 9320

*IN RE* GLENN.

(88 S. E. 294.)

1. Contempt—Discharge of Jury—Effect.—After a case is ended by discharge of a jury and rendition of judgment, there can be no contempt of Court as to that cause except disobedience of an order issued therein, so that no words then spoken either in reference to the Judge or jury can be construed as contempt, as they cannot influence the verdict.

2. Contempt—What Constitutes.—Where a witness, after the verdict and discharge of the jury, assaulted a juror on account of remarks made out of Court disparaging to the witness, the act is not contempt, but an assault and battery.

Before Hon. C. M. Efird, special Judge, Spartanburg, June, 1915. Reversed.

Footnote.—As to what words or acts, after a case has ended, constitutes a contempt of Court, see notes in 68 L. R. A. 251, 260, 262, 17 L. R. A. (N. S.) 572 and 585. Misconduct toward juror as contempt, 46 L. R. A. (N. S.) 517-521.

W. S. Glenn was found guilty of contempt of Court, and he appeals.

*Messrs. Sanders & DePass,* for appellant, submit: *Jurisdiction can be questioned at any time:* 25 S. C. 385; 28 S. C. 313; 70 S. C. 288. *Contempt proceedings criminal:* 1 Bail. 605; 49 S. C. 199. *Special Judge was given power only to preside in Common Pleas:* 28 Stats. 602; Const., art. V, secs. 1, 15, 18; 49 S. C. 204; 2 Bishop Crim. Law (6th ed.) 149; 20 Wall. 392; 9 Cyc. 5. *What constitutes a contempt:* 205 U. S. 463; 65 Am. St. Rep. 90; 54 N. W. 415; 116 N. W. 212; Ann. Cas. 1912a, 163; 22 Am. Rep. 158; 2 Strob. 73. *Return not traversed:* 73 S. C. 193; 8 S. C. 390; 9 Cyc. 44; 56 L. R. A. 462; 53 Am. St. Rep. 596; 72 S. C. 322.

*Messrs. Assistant Attorney General Dominick* and *Solicitor Hill,* for respondent. The former cites: 79 S. C. 399.

March 8, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from the order of Special Judge Efird, presiding over the Court of Common Pleas for the county of Spartanburg, adjudging the appellant guilty of contempt of Court. It arose out of the following facts: There was a case tried on June 1, 1915. T. E. Screven was foreman of the jury that tried the case. W. S. Glenn was a witness for the defense. A verdict was rendered for the plaintiff. On the next day after the case was tried and verdict rendered, Mr. Screven, while coming from his home to his place of business, and while he was off duty as a juror, was riding on the street car and engaged in conversation with a gentleman, made publicly a statement in reference to the case. In this conversation he referred to Mr. Glenn. This conversation was reported to Glenn, and as reported it reflected upon his character and attacked his veracity. Glenn sought an

interview with Screven, and told Screven what he had heard, and demanded to know if he had used the language attributed to him, Screven denied this, but during the conversation in reference to the matter they got into a war of words and came to blows. Glenn struck the first blow, and a fight ensued. After this, upon affidavit of Screven, a rule to show cause was issued and served upon Glenn. Glenn made return under oath stating that the cause of dispute between him and Screven was not in any manner in reference to Screven's act as a juror, and that the act of Screven as a juror, or the action of the jury in rendering the verdict they did, was not in his mind, but he was actuated solely by what he had been informed Screven had publicly said about him on the street car some 24 hours after the verdict had been rendered reflecting upon his character and veracity. On hearing the return and affidavit of Screven, his Honor adjudged him in contempt of Court, in that he was interfering with a juror in the discharge of his duty. When the case was heard and return of respondent had been read, the following took place:

The Court: Mr. Sanders, you say Mr. Glenn was a witness in the case? Mr. Sanders: Yes, sir. The Court: And Mr. Screven was foreman of the jury? Mr. Sanders: Yes, sir. The Court: And he says he didn't know he was on the jury? Mr. Sanders: No, sir; he says he didn't think of it at the time he went to him. (Argument by Mr. Sanders.) The Court: I don't agree with you, Mr. Sanders, even if it was five years after the Court had adjourned. It is the province of the jury in the trial of a case to disbelieve anybody they see fit, or believe anybody, and whenever that province is trampled upon you might as well shut up the courthouses and put pistols in the pockets of every man, and let might rule. Attorneys and Court officers and jurors must be protected in the discharge of their duty. Mr. Sanders: But, your Honor, jurors have no right, after the case has been tried and verdict rendered, to publicly reflect

upon the integrity of a witness.   I call your Honor's attention to the fact that a man has a right to trial by jury on a criminal charge.   The Court: I think Mr. Glenn is guilty of contempt in interfering with a juror in the discharge of his duty.   Stand up, Mr. Glenn.

The appellant, by seven exceptions, challenges the jurisdiction of the Court as well as the correctness of his Honor's rulings.   The fourth, fifth, and sixth exceptions are:

4. In that his Honor erred, as is respectfully submitted, in ruling and holding that the appellant was guilty of contempt of Court when the facts show that the altercation arose from a remark made by Mr. T. E. Screven 24 hours after the verdict had been rendered by the jury of which Mr. Screven was foreman; said remark being made outside of and away from the courthouse, and reflecting, as Mr. Glenn thought, upon his character, and not from any action of Mr. Screven as a juror, or from any action of the jury in said cause.

5. Because his Honor erred in not ruling and holding that the conduct of Mr. Glenn, in seeking Mr. Screven, was not on account of any act or conduct of Mr. Screven as a juror, but was solely on account of the act and conduct of Mr. Screven as a man, made outside of the courthouse and away from court room, at Mr. Screven's place of business, and not while Mr. Screven was acting as juror.

6. Because, it is respectfully submitted, his Honor erred in holding that the appellant was guilty of contempt of Court, in that he interfered with a juror in the discharge of his duty; the error being, as it is respectfully submitted, that Mr. Glenn's altercation with Mr. Screven was not on account of any act or conduct of Mr. Screven as a juror, but was solely and entirely on account of Mr. Screven's words, act, and conduct as a man, made outside of the courthouse and away from the court room.

These exceptions must be sustained.   There is no pretense that Glenn was guilty of any direct contempt, he did

nothing in the presence of the Court, he was not in the Court, and nothing was done in the presence of the Judge. There was no resistance or defiance of the Court's power or authority, and no disobedience of any of the Court's orders. He simply had a personal difficulty with Screven in reference to some supposed remark Screven had made about him, reported to him as being derogatory and reflecting on his personal character, some 24 hours after the case in which he had been a witness had been tried. The altercation and fight did not occur until long after the case was ended. There is nothing in the record that shows there was complaint about Screven's conduct as juror. After a case is ended, nothing done, unless it is a disobedience of an order of the Court, can be adjudged contempt of Court. No words spoken either in reference to Judge or jury after a case is ended can be construed as being contempt of Court.

"When a case is finished, Courts are subject to the same criticism as other people, but the propriety and necessity of preventing interference with the Courts of justice by premature statement, argument, or intimidation hardly can be denied." *Patterson* v. *Colorado,* 205 U. S. 454, 27 Sup. Ct. 556, 51 L. Ed. 879, 10 Ann. Cas. 689.

In the case of *State ex rel. Atty. Gen.* v. *Circuit Court,* 97 Wis. 1, 72 N. W. 193, 38 L. R. A. 554, 65 Am. St. Rep. 90, the Court uses the following language:

"Important as it is that Courts should perform their grave public duties unimpeded and unprejudiced by illegitimate influences, there are other rights guaranteed to all citizens by our Constitution and form of government, either expressly or impliedly, which are fully as important, and which must be guarded with an equally jealous care."

The general rule is that, to constitute any publication a contempt, it must have reference to a matter then pending in Court, * * * tending to the injury of pending proceedings

upon it, and of the subsequent proceeding. *Percival* v. *State,* 45 Neb. 741, 64 N. W. 221, 50 Am. St. Rep. 568.

The case of *State* v. *Sweetland,* 3 S. D. 503, 54 N. W. 415, was a case where some contemptuous comment was made after the case was ended. The Court held:

"The object of contempt proceedings is, not to enable a Judge, who deems himself aggrieved, to punish the supposed wrongdoer to gratify his own * * * feelings, but to vindicate the dignity and independence of the Court, and to protect himself, and those necessarily connected with it, while a matter is pending before it, from insolent and contemptuous abuse calculated to intimidate, influence, embarrass, or impede the Court in the exercise of its judicial functions, or prevent a fair and impartial trial. If the Judge was unjustly assailed by the article in question, he had the same, and only the same, remedies for the redress of the wrong which belonged to all other citizens."

The record shows it was an unfortunate misunderstanding and difficulty between two citizens. When the case was ended, Screven's duty as a juror ceased, and the fact, even if it were a fact, that he had been a juror, was the inception of the trouble in this case, and would not make Glenn responsible in contempt proceedings, as the case was over, and no action on his part was calculated to intimidate or influence the jury, as the verdict had been returned; neither would it in any manner impede the administration of justice. If Glenn was wrong, he can be punished in the proper way for assault and battery.

We do not think it necessary to consider all of the exceptions. Under our view of the case, Glenn should not have been adjudged guilty of contempt of Court, and the judgment is reversed, and rule discharged.