## FREEMAN V. CITY OF HURON *et al.*

1. A contempt proceeding for violating an order in an action may properly be entitled as in that action.

2. Other than the state's attorney may conduct the prosecution of a contempt proceeding.

3. The court, having pronounced its sentence in the presence of accused, in a contempt proceeding, may sign, and file a formal judgment in accordance with the sentence in the absence of them and their attorney.

4. One who, knowing of an order of court and its contents, intentionally does an act which constitutes a violation of the order, is guilty of contempt.

5. An affidavit, alleging material facts on information and belief does not give a court jurisdiction of a contempt proceeding.

(Opinion filed April 9, 1896.)

Error to circuit court, Beadle county. Hon. A. W. CAMP-BELL, Judge.

Contempt proceeding for violation of an order in an action of John C. Freeman against the city of Huron and others. The accused were found guilty, and bring error. Reversed.

The facts are stated in the opinion.

*A. W. Wilmarth*, for plaintiffs in error.

The state not being made a party and the state's attorney not appearing to prosecute, the court did not acquire jurisdiction. State v. Knight, 3 S. L. 409, 54 N. W. 412; § 7033 Comp. Laws; Davis v. New York, 2 Duer. 633; Haite v. Lucia *et al.* 36 Wis. 360; Vanzandt v. Mining Co., 2 McCreary (U. S.) 642; Mullen v. People, 28 Pac. 964; U. S. v. Caldwell, 2 Dall. 333; *In re* Judson, 3 Blackf. 148.

*W. A. Lynch*, for the state.

HANEY, J. This is a contempt proceeding, brought here for review upon a writ of error. On May 10, 1895, in the above entitled action, then pending in the circuit court of Beadle county, after due notice and hearing the following order was

made: "And it is ordered that the said defendant, said city of Huron, and E. C. Patterson, as treasurer thereof, and each of them, and their agents and servants, pending the trial of said cause, and until the final determination thereof, be, and they are each of them hereby, restrained and enjoined from paying out any of the funds of the said city of Huron, other than the special sidewalk fund and the sinking fund, on any warrant, or in any other way or manner than on warrants duly issued payable out of the general fund of said city, in the order of the presentation of warrants as the same appear on the warrant register kept in the treasurer's office of the city of Huron." On October 4, 1895, while such order was in force, upon an affidavit of W. A. Lynch, Esq., attorney for plaintiff, a rule was issued requiring H. Ray Meyers, mayor of Huron, D. W. Smith, E. M. Thomas, J. M. Jarvis and George T. Groves, aldermen of said city, and A. W. Wilmarth, Esq., as its attorney, to show cause why each of them should not be punished as for a contempt, in violating the above mentioned order. All appeared except Myers. Mr. Lynch and Mr. Mouser, members of the Beadle county bar, neither of whom was state's attorney conducted the prosecution. Mr. Wilmarth acted as attorney for the accused. The affidavit of Mr. Lynch and all papers are entitled in this action, except the judgment, which is in the name of the state against the parties who appeared and were found guilty. Each of the accused who appeared filed an affidavit. Oral and record evidence was received. At the conclusion of a trial wherein accused were given an opportunity to adduce all the evidence they desired, the court made this announcement: "The judgment of the court in this case will be that these defendants who appear here be adjudged guilty of a contempt of this court; that each of them be fined $100 and costs, and, in case of failure to pay the fine, they be imprisoned in the county jail for a period of thirty days." A motion in arrest of judgment was made and overruled. Subsequently a formal judgment, reciting in detail the proceedings, the find-

ings of the court, and imposing the same punishment as that previously announced, was signed and filed in the absence of the accused and of their attorney.

A motion to dismiss the proceeding because entitled in the civil case, and not in the name of the state, and because it was not conducted by the state's attorney, was denied. This is assigned as error. Regarding procedure in contempt cases, the authorities are in inextricable confusion. There is no settled doctrine with reference to the proper method of framing the title to such proceedings. 4 Enc. Pl. & Prac. 772. We have no statute regulating the matter. The proceeding is special and peculiar—in the nature of, but not strictly, a criminal action. State v. Knight, 3 S. D. 509, 54 N. W. 412. Important constitutional provisions, applicable to criminal actions, are not applicable to this proceeding. State v. Mitchell, 3 S. D. 223, 52 N. W. 1052. It would be better practice to institute an independent action in the name of the state, and assimilate the proceeding to the criminal procedure as nearly as practicable ; but, believing the course adopted in the court below was warranted by abundant authority, and that it did not tend to prejudice the accused in respect to any substantial right, we hold there was no reversible error in the manner of entitling the affidavit and other papers, and that there was no error in allowing counsel, other than the state's attorney, to conduct the prosecution.

An affidavit was filed by each of the accused which was treated as an answer, and upon the issue so raised evidence was adduced on each side. Possibly a more simple and commendable method would have been to treat the Lynch affidavit as a complaint or information, to which accused might have pleaded not guilty, and thus thrown upon the prosecution the burden of proving all of the allegations necessary to sustain the contempt charged. We would certainly approve the adoption of such procedure. However, we find nothing in the record which indicates that these persons were not fairly tried

upon the allegations of the affidavit. The order of proof is a matter within the sound discretion of the court, especially in the absence of a jury. We discover no reversible error in the manner of conducting the trial. Having pronounced its sentence in the presence of accused, the court could properly sign and file a formal judgment in accordance with such sentence, in their absence and the absence of their attorney.

The court had jurisdiction of the parties and subject-matter in the civil action. It issued the order of injunction. Such order was in force when the alleged violation occurred. It had not been dissolved. It was properly issued. State v. Campbell (S. D.) 64 N. W. 1125. Each of the accused knew of its pendency and purport. Having actual notice, service upon them was unnecessary. 2 High, Inj. 1102; State v. Knight, 3 S. D. 509, 54 N. W. 412. Its terms are clear and unmistakable. It forbids any agent or servant of the city from paying warrants drawn upon its general fund, except in the order of their registration. Willful disobedience of this lawfully issued order was a crime, and a contempt of court. Comp. Laws, § 6402. The term "willful," as here used, implies simply a purpose or willingness to commit the forbidden act. Comp. Laws, § 6961. Each of the accused testified that he knew of the order and its contents, but that he did not intend to violate it, and did not understand he was doing so. It is contended that the intention of each was absolutely locked within his own breast, and that his sworn declaration concerning such intention is conclusive. We deem this position untenable. The vital questions are these: (1) What act was forbidden? (2) Did accused intentionally commit such act, knowing it was forbidden? If the prohibition was definite and certain, it matters not what motive prompted its violation. If accused were mistaken as to the effect of the order, if they honestly believed they did not come within its terms, such fact or facts should be considered in mitigation of punishment, but not as a defense. In this as in other criminal cases, the intent of accused is a question of fact,

to be determined from a consideration of their conduct. If the act which they knowingly and intentionally committed constitutes a violation of the court's order, they were guilty of contempt, and cannot escape the consequences of their voluntary conduct by merely denying under oath that they intended to violate the order.

No doubt exists as to what was forbidden. It was the payment of warrants out of their order, an act in itself contrary to law. The city of Huron, its agents and servants; Patterson, as treasurer, his agents and servants,—are the persons who are expressly forbidden to make such payments. Accused were officers of the city, and consequently its agents, and clearly within the class mentioned in the order. The material facts involved are simple, and can be briefly stated. Were warrants paid out of their order? Did accused make such payments, or aid and abet the making thereof? If they did, they are guilty of contempt. However, the court did not have jurisdiction to inquire into their conduct, unless every material fact constituting the alleged violation is stated in the affidavit upon which the contempt proceeding is based. State v. Sweetland, 3 S. D. 503, 54 N. W. 415. Accused contend it is fatally defective. They moved to dismiss, in the court below, upon this ground. Certain allegations are made upon information and belief. Independently of these, the affidavit contains no fact tending to connect any one with the payment of warrants except Myers, the acting treasurer, who did not appear in the contempt proceeding. We think the portions of the affidavit stated upon information and belief cannot be considered, and without them the affidavit is insufficient to confer jurisdiction as to the plaintiffs in error. Thomas v. People (Colo. Sup.) 23 Pac. 326; Ludden v. State, (Neb.) 48 N. W. 61; Gandy v. State, 13 Neb. 445, 14 N. W. 143. In cases of this character the facts should be stated with certainty. Persons should not be required to answer an essentially criminal charge based merely upon the belief of a private prosecutor. Because the affidavit did not confer jurisdiction

upon the court below, its judgment is reversed, and the cause remanded for such further proceedings as may be proper and consistent with this opinion.