KRUEGER, Respondent, v. KRUEGER, Appellant.

(143 N. W. 368.)

1. **Contempt—Hearing—Necessity of Findings.**

A court cannot lawfully adjudge a person in contempt without making findings of fact showing, as matter of law, that such person is in fact guilty; following Hoffman v. Hoffman, 26 S. D. 34.

2. **Contempt—Decree—Failure to Perform—Notice of Decree.**

Under Code Civ. Proc., Sec. 330, concerning contempt proceedings under a judgment other than for payment of money or delivery of property, and authorizing contempt proceedings against a defendant who, after being served with copy of the judgment, refuses to comply therewith, and Sec. 562, specifying what statutes pertaining to service of papers shall not apply to service of papers to bring parties into contempt, held, that before a defendant may be adjudged guilty of contempt for failing to obey the requirements of a decree, it must be shown that a copy was personally served on him before commission of the acts constituting the contempt.

3. **Contempt—Findings—Wilfull or Contumacious Acts.**

A judgment of contempt for refusing to obey a decree cannot be sustained without a finding that defendant in the pro-

ceeding acted wilfully or contumaciously in not obeying the provisions of the decree.

Gates, J., taking no part in the decision.

(Opinion filed October 23, 1913.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by Mathilda L. Krueger against August F. Krueger, for divorce; this proceeding therein involving alleged contempt of court by defendant, in refusing to comply with the decree. From a judgment finding defendant guilty of contempt of court, he appeals. Reversed.

*George H. Fletcher,* for Appellant.

Findings of fact should have been made by the court before the order was made adjudging the defendant to be in contempt of court. Hoffman v. Hoffman, (S. D.) 127 N. W. 478.

Before a party may be adjudged in contempt of court, it must affirmatively appear that the party was personally served with a copy of the judgment or order which it is claimed he has violated and refused to obey. There is nothing in the record to show that this appellant had any actual notice of the judgment of the court for the violation of which he was adjudged in contempt by the order appealed from. On the contrary, by his own affidavit it affirmatively appears that no copy of the judgment and decree of the court had been served upon him. Code Civil Proc., Sec. 562; Larson v. Larson, 67 N. W. 842; Scott v. Scott, 68 N. W. 194.

The evidence conclusively showed that there was no intention upon the part of the appellant to violate the orders of the court in any particular, and that he had restored to the plaintiff, even before the contempt proceedings were begun, all of the household furniture which it was alleged he had wrongfully taken from the possession of the plaintiff.

WHITING, P. J. This is an appeal from a judgment adjudging appellant guilty of contempt of the circuit court, and inflicting punishment therefor. The judgment recited: "That the said defendant be and he is hereby declared to be in contempt of this court for violation of and disobedience of the orders of court heretofore rendered in this action." This action is one wherein plaintiff sought and obtained a decree of divorce from this appellant, the defendant therein, and the affidavit of plaintiff, sub-

mitted in support of her motion seeking to have appellant adjudged guilty of contempt of court, sets forth that the alleged contempt consisted in appellant's failure to comply with certain provisions of the decree granted plaintiff therein.

[1] The circuit court made no findings of fact, and appellant assigns as error the entering of the judgment adjudging him guilty of contempt without the making of findings upon which such judgment could be based. This question was fully considered by this court in Hoffman v. Hoffman, 26 S. D. 34, 127 N. W. 478, 30 L. R. A. (N. S.) 564, Ann. Cas. 1913A, 956, wherein it was held that a court cannot lawfully adjudge a person in contempt without making findings of fact showing, as a matter of law, that such person is in fact guilty.

[2] Appellant also contends that the proof submitted showed that appellant had no notice or knowledge as to the contents of said decree, and that no copy of said decree had been served upon him. The proof submitted wholly failed to show that appellant had been personally served with the decree, and failed to show that he had knowledge of its contents. Under the provisions of sections 330 and 562 Code of Civil Procedure, before appellant could be adjudged guilty of contempt of court in not obeying the mandates of such decree, it must be shown that a copy of such decree was personally served upon him before the commission of, or omission to do, those acts the commission or omission of which constitute the alleged contempt. Larson v. Larson, 9 S. D. 1, 67 N. W. 842; Scott v. Scott, 9 S. D. 125, 68 N. W. 194.

[3] The circuit court did not find that appellant acted willfully or contumaciously in not-obeying the provisions of such decree, and the evidence submitted would not warrant such a finding; without such finding no judgment, adjudging one guilty of contempt of court, can be sustained. Hoffman v. Hoffman, supra.

The judgment appealed from is reversed.

GATES, J., takes no part in this decision.