FRITZ, Appellant, v. FRITZ, Respondent.

(187 N. W. 719.)

(File No. 5002.    Opinion filed April 10, 1922.    Rehearing denied May 16, 1922.)

1. **Contempt—Alimony Under Divorce Decree, Failure to Pay After Citation, Whether Wilful, Contumacious, Warranting Incarceration—Finding Non-contrary to Preponderance.**

Where trial court in a proceeding after divorce decree against plaintiff on order to show cause why he should not be adjudged in contempt for failing to comply with provision for alimony, found that he had failed and that failure was wilful and contumacious, and rendered judgment under which he was committed to jail; held, it appearing that the finding was not contrary to clear preponderance of evidence, it will not be disturbed on appeal.

2. **Contempt—Violation of Court Decree, Contempt, Incarceration Therefor, Whether Violative of Constitution—Non-contract Obligation.**

A judgment of contempt against a plaintiff against whom a divorce decree had been rendered under which certain alimony was required to be paid, which trial court had found upon hearing he had failed to pay and that failure was wilful and contumacious, judgment and committal thereon having resulted, was not violative of Const., Art. 6, Sec. 15, providing that no person shall be imprisoned for debt arising out of or founded on contract; the judgment in question being based, not on such a debt, but on an obligation created by law to support his wife and minor child.

3. **Contempt—Non-appearance of Respondent in Contempt Proceeding, Whether Jurisdiction to Issue Commitment Existed—Inherent Judicial Power Re Contempt Defined.**

That appellant did not appear in court in person in response to citation requiring him to show cause why he should not be punished for contempt for failure to obey provision in a divorce decree requiring payment of alimony, would not oust trial court of jurisdiction to issue commitment for contempt; citation having been personally served on appellant, which gave court jurisdiction to make an appropriate order. Held, further, that trial court possesses inherent power to punish contempts by fine or imprisonment and, appellant's only excuse for non-compliance with decree being his financial inability to pay the sums required, and no valid reason being shown why contempt order should not be enforced, same is affirmed.

Appeal from Circuit Court, Pennington County. Hon. JOHN G. MISER, Judge.

Action by Tony Fritz, against Amelia B. Fritz, for divorce. Plaintiff, against whom the decree was rendered, having been cited to show cause why he should not be adjudged in contempt of court for failure to pay certain alimony, and having been adjudged in contempt and committed to jail, appealed from the judgment. Affirmed.

*Bates, Johnson & Simons,* for Appellant. ·

*Mintener & Eastman,* and *H. F. Fellows,* for Respondent.

(2)    To point two of the opinion, Appellant cited: Schooley v. Schooley (Ia.), 169 N. W. 56; Francis v. Francis (Mo.), 179 S. W. 975.

Respondent submitted that: Defendant did not in good faith try to comply with decree; and cited: Fowler v. Fowler, L. R. A. 1917C, page 93.

(3)    To point three, Appellant cited: 19 Corpus Juris, 301, and cases there cited. Submitted that order re contempt, made in defendant's absence, is void, and cited: 11 Am. & Eng. Ann. Cas., 812.

POLLEY, J. Prior to the 10th day of August, 1921, a decree was entered in this action, which among other things required plaintiff to pay to defendant certain alimony and suit money specified therein, and awarded to defendant the nine year old son of plaintiff and defendant. No part of said sums of money having been paid, and no excuse being shown why payment had not been made, the trial court on the above date issued a citation to plaintiff, requiring him to show cause why he should not be adjudged to be in contempt of court for his failure to comply with the requirements of said decree. This citation was made on an affidavit of the defendant. Plaintiff filed counter affidavits, and a hearing was had. At the conclusion of such hearing the court made findings of fact to the effect that plaintiff had failed to comply with the requirements of said decree, and that such failure was willful and contumacious. From such findings the court made a conclusion of law to the effect that, because of such contempt, plaintiff should be committed to jail. Judgment was entered accordingly, and from such judgment the plaintiff appeals to this court.

[1] It is first contended by appellant that the findings of fact are not supported by the evidence. Whether such findings are supported by the evidence depends upon which of the parties

—plaintiff or defendant—was telling the truth at the hearing on the order to show cause. The trial court found in favor of defendant, and such finding, not being contrary' to the clear preponderance of the evidence, will not be disturbed by this court.

[2] It is contended by appellant that the attempted enforcement of the judgment by contempt proceedings is a violation of section 15, art. 6, of our Constitution, which provides that:

"No person shall be imprisoned for debt arising out of or founded upon contract."

This is not a debt arising out of or founded on contract, but out of an obligation, created by law, to support his wife and minor child.

[3] Appellant did not appear in court in person in response to the citation requiring him to show cause why he should not be punished for contempt for his failure to obey the final judgment in the case. He now contends that, because he was not present, the court was without jurisdiction to issue the commitment. The citation was personally served on appellant. This gave the court jurisdiction to make such order as appeared to be appropriate in the case.

That the trial court possesses the inherent power to punish contempts by fine or imprisonment was settled by this court in State v. Knight et al., 3 S. D. 518, 54 N. W. 412, 44 Am. St. Rep. 809. The only excuse offered by appellant at the hearing for not having complied with the decree of the court was his financial inability to pay the sums required by said decree.

He has shown no valid reason why the order appealed from should not be enforced, and the same is affirmed.