## In Re SOLBERG.

### (213 N. W. 9.)

(File No. 5936. Opinion filed April 11, 1927.)

1. **Contempt—No Affidavit or Sworn Complaint Is Required To Give Court Jurisdiction of Contempt Committed In Its Presence.**

   Where acts constituting contempt are committed in immediate presence of court, no affidavit or sworn complaint charging acts is required to give court jurisdiction, since judge has personal knowledge of acts.

2. **Contempt—Court Acquired No Jurisdiction in Contempt Proceedings For Failure To Appear In Response To Citation, In Absence Of Affidavit or Sworn Complaint Charging Such Act.**

   Where act relied on as constituting contempt, which was failure to appear in response to county court's citation, was not committed in presence of court, and there was no affidavit or sworn complaint charging such act, court acquired no jurisdiction in contempt proceeding; petition for issuance of citation not being considered as alleging failure to comply with court's requirements.

Note.—See, Headnote (1), American Key-Numbered Digest, Contempt, Key-No. 54(1), 13 C. J. Sec. 87; (2) Contempt, Key-No. 54(1), 13 C. J. Sec. 88.

Appeal from Roberts County Court; HON. G. G. LASELL, Judge.

In the matter of the guardianship of Kristian Simenson Solberg, insane. From a judgment adjudging Ole P. Rask, guardian, guilty of contempt, he appeals. Reversed.

*Babcock & Babcock,* of Sisseton, for Appellant.

*Jorgenson & Anderberg,* of Sisseton, for Respondent.

MORIARTY, C. This is an appeal from a judgment of the county court of Roberts county, adjudging the appellant, Ole P. Rask, to be guilty of contempt and sentencing him to pay a fine of $50 and costs in the sum of $35.80.

The facts as shown by the record are as follows:

In 1911 the county court of Roberts county appointed Rask to act as guardian of the estate of Kristian Simenson Solberg, insane. Rask qualified as such guardian, and on February 25, 1925, his letters of guardianship were still in force and unrevoked. On that day one Martha C. Lewis filed in the said county court a

verified petition alleging that the said petitioner was an heir at law and next of kin of Kristian Simenson Solberg, insane, and interested in his estate. The petition further alleged that Rask as guardian had sold certain real property belonging to said estate and had failed to account to the court for the proceeds of such sale. And, upon information and belief, the petitioner alleged that Rask, as such guardian, had in his hands large sums of money belonging to the estate for which he had failed to account, and that said Rask had removed from the state of South Dakota and was no longer a resident of said state. And the petition prayed that the court issue a citation requiring Rask to appear and account and that he be removed from the office of guardian and some proper person be appointed as guardian, and Rask be required to pay over and deliver all property in his hands belonging to the said estate.

Upon filing of said petition the county court entered an order suspending Rask's authority as guardian and also issued a citation, beginning with the word "Greeting," but not directed to any one by name, and reciting that:

"You are hereby notified that an order has been made and filed in this court suspending you as guardian." "And you are hereby cited and required to appear before the judge of this court [at a stated place] on the 10th day of March, 1925, at 10 o'clock in the forenoon of said day, to show cause, if any you have, why an order should not be made removing you as guardian of said incompetent, and revoking the letters of guardianship heretofore issued to you, and that you be then and there required to account for all property in your hands as such guardian belonging to the said incompetent."

And the citation further provided for its service upon Ole P. Rask, guardian, by publication and mailing. And in this provision alone is Rask's name mentioned in the citation.

On March 10, 1925, Rask did not appear in response to the citation, but returns signed by the sheriff of Brown county, S. D., certified that both the citation and the order of suspension were served upon Rask personally within said Brown county on February 26, 1925.

Thereupon, and without the filing of any affidavit or complaint charging Rask with any acts constituting contempt, the

county court issued an order or attachment directing that Rask be arrested and brought before that court to show cause why he should not be adjudged guilty of contempt "for failing, neglecting, and refusing to obey the order of said court."

On March 20, 1925, the sheriff brought Rask into the county court and reported to the court that he had served Rask with the order of arrest on March 20, 1925.

On March 21, 1925, the county judge made findings of fact and conclusions of law holding Rask to be guilty of contempt, and on the same day entered the judgment from which this appeal is taken.

Counsel for appellant contend that the county court had no jurisdiction to arrest Rask or to adjudge him guilty of contempt, and, as one of the grounds of this contention, they call the attention of this court to the fact that the record shows that no affidavit, complaint, or other statement under oath was ever filed with or presented to the county court alleging or charging Rask with having committed any act constituting contempt. The record shows that there was no such sworn statement before the county court to give it jurisdiction to issue the attachment or order of arrest.

The well-established rules of law divide contempts into two distinct classes, those where the acts constituting the contempt are committed in the immediate presence of the court, and those where the acts are not committed in the immediate presence of the court.

[1, 2] Where the acts constituting the contempt are committed in the immediate presence of the court no affidavit or sworn complaint charging the acts is required, for the judge has personal knowledge of the acts. But where the acts relied upon as constituting the contempt are not committed in the presence of the court, such affidavit or sworn complaint is necessary to give the court jurisdiction to proceed in the matter. This court has definitely stated its adherence to that rule, and has held that the court has no jurisdiction to inquire into the conduct of parties charged with contempt, "unless every material fact constituting the alleged violation is stated in the affidavit upon which the contempt proceeding is based." Freeman v. City of Huron, 8 S. D. 435, 66 N. W. 928; State v. Sweetland, 3 S. D. 503, 54 N. W. 415. See, also, State v. Newton, 16 N. D. 151, 112 N. W. 52,

14 Ann. Cas. 1035; In re Wood, 82 Mich. 75, 45 N. W. 1113; Belangee v. State, 97 Neb. 184, 149 N. W. 415.

The only sworn statement presented to the county court, during the time involved in the instant case, was the petition asking for the issuance of the citation. Evidently that cannot be considered as alleging a failure to comply with the requirements of the citation.

The county court acquired no jurisdiction in the contempt proceeding, and all its acts therein are void for want of jurisdiction.

The judgment appealed from is reversed.

CAMPBELL, P. J., and POLLEY and BURCH, JJ., concur. GATES and SHERWOOD, JJ., not sitting.