SIMMONS, Respondent, v. SIMMONS, Appellant

(278 N. W. 537)

(File No. 8127.   Opinion filed March 29, 1938.)

*Parliman & Parliman,* of Sioux Falls, for Appellant.
*Everett A. Bogue,* of Parker, for Respondent.

RUDOLPH, J. This is an appeal from the judgment of the circuit court of Minnehaha county, wherein the defendant is held to be in contempt of court for the failure to pay alimony to the

plaintiff under the provisions of a certain modified decree of divorce. The contempt proceeding was brought on by an order to show cause which was supported by affidavits. The defendant submitted affidavits in answer to those of the plaintiff. At the hearing on the order to show cause counsel for the defendant requested that he be permitted to have the defendant sworn and testify before the court. He further requested that the plaintiff, who was present at the hearing, be sworn and submit to cross-examination. The trial court denied both requests and proceeded to determine the issues involved upon the affidavits submitted.

██ The contempt of court here involved is a "civil" as distinguished from a "criminal contempt." State v. American News Co., 62 S. D. 456, 253 N. W. 492, 493. This court has since an early date entertained appeals in this class of contempt cases. Hoffman v. Hoffman, 26 S. D. 34, 127 N. W. 478, 30 L. R. A., N. S., 564, Ann. Cas. 1913A, 956; Krueger v. Krueger, 32 S. D. 470, 143 N. W. 368; Fritz v. Fritz, 45 S. D. 392, 187 N. W. 719; Gockowski v. Gockowski, 47 S. D. 640, 201 N. W. 554; Revell v. Revell, 59 S. D. 629, 241 N. W. 746. In view of this previous practice we believe this appeal should be allowed. While no appeal in this class of cases was permitted at common law, "the right of appeal [in this country] * * * has been gradually extended by statute or judicial construction until now, generally, a judgment in contempt can be reviewed either by an appeal or on writ of error." State v. American News Co., supra; 6 R. C. L. 538, 539; sections 51, 3 R. C. L. (Perm. Sup.) page 1758.

██ A contempt proceeding is sui generis. Freeman v. City of Huron, 8 S. D. 435, 66 N. W. 928. As stated by the United States Supreme Court in the case of Bessette v. W. B. Conkey Co., 194 U. S. 324, 24 S. Ct. 665, 666, 48 L. Ed. 997:

"It is criminal in its nature, in that the party is charged with doing something forbidden, and, if found guilty, is punished. Yet it may be resorted to in civil as well as criminal actions, and also independently of any civil or criminal action. * * *

"The purpose of contempt proceedings is to uphold the power of the court, and also to secure to suitors therein the rights by it awarded."

In this state under the established practice it is held that a con-

tempt proceeding may be brought on by an order to show cause, yet it is necessary that the court make findings of fact showing as a matter of law that the party accused is in fact guilty of contempt. Hoffman v. Hoffman, supra; Krueger v. Krueger, supra; Gockowski v. Gockowski, supra. It would appear therefore that the final adjudication results in a judgment as distinguished from an order, and in this respect the procedure itself is sui generis, at least so far as the practice in this state is concerned. See Badger State Bank v. Weiss, 60 S. D. 484, 245 N. W. 41.

██ Whether the contempt be civil or criminal, the final result so far as the defendant is concerned is punishment. This punishment might be inflicted for a different purpose depending upon whether the contempt be civil or criminal, but, nevertheless, there is punishment just as much in one case as in the other. This punishment might take the form of a fine, or imprisonment, or both. Under these circumstances, we believe, it was error for the trial court to deny the request of the defendant to submit oral testimony. It might be that without such request the court could go ahead and determine the matter upon affidavits, but in view of the fact that it is necessary for the court to make findings of fact and enter judgment, we believe that a trial of the issues of fact is contemplated, and that the defendant at least has the privilege upon the hearing of producing witnesses in defense of the alleged contempt. We have no statutory procedure for this particular contempt proceeding. However, we do have a statutory proceeding for contempt for the violation of an injunctional order abating a public nuisance. Section 2081, Rev. Code 1919. It is therein provided: "The trial may be had upon affidavits, or either party may demand the production and oral examination of the witnesses." We believe that a similar trial procedure is contemplated by the decisions of our court, hereinbefore referred to, in the class of contempts here involved. The United States Supreme Court in the case of Cooke v. United States, 267 U. S. 517, 45 S. Ct. 390, 395, 69 L. Ed. 767, said:

"When the contempt is not in open court, however, there is no such right or reason in dispensing with the necessity of charges and the opportunity of the accused to present his defense by witnesses and argument. * * *

"Due process of law, therefore, in the prosecution of contempt, except of that committed in open court, requires that the accused should be advised of the charges and have a reasonable opportunity to meet them by way of defense or explanation. We think this includes the assistance of counsel, if requested, and the right to call witnesses to give testimony, relevant either to the issue of complete exculpation or in extenuation of the offense and in mitigation of the penalty to be imposed."

██ California has held that in prosecution for constructive contempt the affidavits upon which the citation (in this state the order to show cause) is issued constitute the complaint, and the affidavits of the defendant constitute the answer, and upon this basis a trial must proceed and the issues of fact be determined in the regular way. See Hotaling v. Superior Court, 191 Cal. 501, 217 P. 73, 29 A. L. R. 127. We believe, under the decisions of this court, that some similar practice is contemplated in this state. In this state in a proceeding for constructive contempt, the affidavit on which the proceeding is based is jurisdictional, and all facts showing jurisdiction must appear. State v. Sweetland, 3 S. D. 503, 54 N. W. 415; Freeman v. City of Huron, supra; In re Solberg, 51 S. D. 246, 213 N. W. 9. In any event a trial of the issues of fact must be had and those facts determined by the trial court by the entry of findings of fact. It might be, if there is no request to present a defense by witnesses, the trial court would be justified in deciding the matter upon the affidavits submitted, but where a request is made to present witnesses in defense of the alleged contempt, we think, it is error to deny such request.

The judgment and order appealed from are reversed.

All the Judges concur.