CITY OF MT. VERNON, et al, Respondents, v.
ALTHEN, Appellant

(36 N. W.2d 410.)

(File No. 8998. Opinion filed March 7, 1949.)

Rehearing Denied May 18, 1949.

**Fred D. Shandorf,** of Mitchell, for Plaintiffs-Respondents.

**John Carl Mundt,** of Sioux Falls, for Defendant-Appellant.

ROBERTS, J. This action was commenced on October 23, 1946, for the purpose of compelling defendant to remove from the streets and alleys of the City of Mt. Vernon the poles, wires and other equipment used by him in conducting a telephone business.

On July 7, 1902, an ordinance was passed granting to C. B. Woodard a twenty year franchise to construct and maintain upon the streets, alleys and public grounds of Mt. Vernon poles, wires and fixtures proper and necessary for supplying to its residents communication by telephone. The majority of the qualified electors of Mt. Vernon assented to the ordinance. On May 1, 1922, the city passed an ordinance conferring the same right and privileges upon C. B. Woodard for another twenty years. The franchise expired in 1942, but Woodard continued to operate his telephone system without further grant until the time of his death in the fore part of 1946. The telephone system was sold and transferred on May 6, 1946, to the defendant. On August 6, 1946, the City of Mt. Vernon passed an ordinance granting to E. A. Kaup, his heirs, successors and assigns, for a period of 20 years, permission to use the streets, alleys and public grounds of the city for the purpose of erecting, constructing and maintaining a telephone system. This ordinance was approved by a majority vote of the electors of the city. Thereafter, the city council passed a resolution directing the defendant to remove from the streets and alleys of the city all poles, wires and other property used in connection with the operation of the telephone system and this resolution was brought to the attention of the defendant on October 8, 1946. After the commencement of the present action, defendant acquired an assignment of the Kaup franchise.

Defendant answered with a denial of the allegations that he was unlawfully using the streets and alleys of plaintiff city, and affirmatively alleged, among other things, "that insofar as this defendant and his predecessors in interest have made use of and are now using the streets, alleys, and public places of the said municipality for the purpose of connecting rural and long distance telephone lines, the same is under the supervision and control of the public

utilities commission of South Dakota and beyond the juris-diction" of the circuit court. Defendant was granted leave to file a supplemental answer. It alleged that he purchased the Kaup franchise and was operating the telephone system under such grant of authority to use the streets, alleys and public grounds of the city.

The judgment of the trial court is based upon the find-ing that the right of the defendant to use the public ways of the city for the maintenance of the telephone system purchased from the Woodard Estate has expired and that the right granted to E. A. Kaup to the use thereof for the installation and maintenance of telephone equipment is "an entirely new and different franchise or contract". The judg-ment of January 23, 1947, decrees that "within one (1) year after the entry of this judgment, the defendant shall remove all of the original poles, wire and equipment which he was operating and maintaining in the City of Mt. Vernon prior to December 4, 1946, from the streets, alleys and public places of the city of Mt. Vernon, provided however, that the defendant shall begin the removal of such poles, wire, and equipment as soon as weather conditions will allow, and not later than May 1, 1947" and that "the Court by this judgment and decision has not and does not adjudicate any of the rights of either the plaintiffs or the defendant under ordinance No. 76 (Kaup franchise) of the City of Mt. Vernon, and that nothing in this judgment contained shall be con-strued as an adjudication of the rights of the plaintiff or of the defendant under said Ordinance No. 76; and nothing con-tained in this judgment shall be construed as limiting or interfering with the rights of the defendant, if any he has, to erect or maintain or establish a telephone system under said ordinance No. 76." Written notice of the entry thereof was given to defendant on January 30, 1947, and no appeal for a review of this judgment was ever taken to this court.

An order was served on defendant requiring him to show cause why he should not be adjudged in contempt for failing to comply with the terms and conditions of the judgment and orders of the court made herein. A hearing was had pursuant to the order to show cause, and on Feb-

ruary 23, 1948, the court made extended findings of fact and as a conclusion of law found that defendant was guilty of contempt and entered judgment accordingly. The court decreed that defendant be punished for such contempt by imprisonment in the county jail for 90 days and by a fine of $500, but that defendant could purge himself of contempt by prompt compliance with the mandates of the court. Defendant has appealed from this judgment.

It is not, nor could it be, denied that the circuit court may punish as for contempt the violation of a judgment of the nature here under determination which such court is vested with jurisdiction to make or enter. In the early case of State v. Knight, 3 S. D. 509, 54 N. W. 412, 44 Am. St. Rep. 809, this court recognized that the power of inflicting punishment upon persons guilty of contempt is inherent in courts of general jurisdiction. It is a necessary incident to the exercise of judicial power. See, also, Fritz v. Fritz, 45 S. D. 392, 187 N. W. 719; State v. American-News Co., 62 S. D. 456, 253 N. W. 492; Simmons v. Simmons, 66 S. D. 76, 278 N. W. 537. The question of the jurisdiction of the court whose judgment or order. is under determination is always open to review. Although it may appear that there were errors or irregularities in rendering the judgment or order, this court cannot afford relief unless the trial court acted without the bounds of its jurisdiction.

Defendant contends that, because the public utilities commission had jurisdiction to hear and determine the questions which the trial court assumed to decide, the trial court acted beyond its jurisdiction in rendering the judgment of January 23, 1947, and consequently the judgment of contempt based thereon is invalid. SDC 52.1313 reads as follows: "There is hereby granted to the owners of any telegraph or telephone lines operated in this state the right of way over lands and real property belonging to the state, and the right to use public grounds, streets, alleys, and highways in this state subject to the control of the proper authorities as to what grounds, streets, alleys, or highways such lines shall run over or across, and the place the poles to support the wires are located; the right of way over real

property granted in this chapter may be acquired in the same manner and by like proceedings as provided for railroad corporations." Section 3, art. X, of the State Constitution provides: "No street passenger railway or telegraph or telephone line shall be constructed within the limits of any village, town or city without the consent of its local authorities." A city in giving its consent to the use of its streets and alleys under these provisions may impose conditions and among the conditions that it may impose is one limiting the duration of a franchise. City of Mitchell v. Dakota Central Telephone Co., 25 S. D. 409, 127 N. W. 582. The statute vests in the public utilities commission extensive powers in the supervision of public utilities. SDC 52. It does not, however, authorize the commission to grant to a person a franchise to use the public ways within a city for the conduct of a telephone business or to oust him from the use thereof when the term of his franchise has expired. The public utilities commission is not a judicial, but an administrative body. Application of Dakota Transportation, Inc., 67 S. D. 221, 291 N. W. 589. It cannot determine what franchises do or do not belong to an individual. As said in Bethlehem City Water Co. v. Public Service Comm., 70 Pa. Super. 499: "Such matters must be determined as heretofore in a legal proceeding properly instituted in the courts for that purpose". Much of the argument of counsel for for defendant on appeal is directed to the question of the jurisdiction of the circuit court to entertain an action to inquire into the neglect of the defendant in rendering service to the public. While there are allegations in the complaint to the effect that leaning poles and loose and sagging wires in the streets and alleys of the city constitute a menace to the public safety and that defendant has failed and neglected to furnish to the residents of Mt. Vernon proper and sufficient telephone service, the central object of the action was to secure a determination of the right of defendant to use the public ways of the city for his telephone equipment. The jurisdiction of the court to decree a termination of the franchise was not dependent upon whether the court had jurisdiction to inquire into the condition of the telephone equipment and to compel defendant

to furnish adequate service. Both matters are separate and distinct and not interdependent. The learned trial court recognized the exclusive authority of the public utilities commission in the first instance to decide all matters placed within the jurisdiction of the commission by statute and did not adjudicate the phase of the controversy with respect to the adequacy of the telephone service rendered by the defendant.

■ Defendant also complains that the court did not pass on all the issues presented by the pleadings and more particularly on what right defendant acquired under the assignment to him of the Kaup franchise. The court did determine, as we have stated, that the Kaup franchise was not a renewal of the old franchise and that defendant acquired no right thereunder to maintain and operate the then existing installation. The court expressly refrained, because no such situation was presented, from adjudicating otherwise the rights of the parties under such franchise. If the determination is erroneous, defendant had a plain, speedy and adequate remedy of appeal. The court had the power to make the determination right or wrong. We do not imply that the court erred in this respect, but if it be conceded that the record would justify a reversal we cannot now disturb the judgment rendered by a court having jurisdiction.

■■ The trial court in its judgment of January 23, 1947, expressly retained jurisdiction to enter further orders for the purpose of enforcing it. Counsel for the defendant contends that although denominated a judgment it is not a final determination of the rights of the parties, but is an interlocutory judgment and is ineffectual for any purpose. There are no judgments in the strictly technical sense of the term other than final judgments. Western Bldg. Co. v. J. C. Penney Co., 60 S. D. 630, 245 N. W. 909. A judgment in none the less final although future orders of the court may become necessary to carry it into effect. 49 C. J. S., Judgments, § 11. The judgment disposed of the particular matter before the court and does not hold the case open for further adjudication on the merits. If a judgment so

disposes of the merits of the particular matter before the court, the fact that further proceedings may be necessary to make it effective does not interfere with its finality.

We conclude that the circuit court properly decided that it had jurisdiction to enter the judgment which was violated and that the record is clearly sufficient to sustain the authority of the court to punish defendant for contempt.

The judgment appealed from is affirmed.

SMITH, P. J., and RUDOLPH and SICKEL, JJ., concur.

HAYES, J., dissents.