FIENUP, Relator, v. RENTTO, Judge, et al.

(52 N. W.2d 486)

(File No. 9286. Opinion filed March 17, 1952)

**Ramon Roubideaux,** Fort Pierre. for Relator.

ROBERTS, J. Gustav Fienup made application for a writ of certiorari seeking to review the judgment of the circuit court of Pennington county adjudging him guilty of contempt. The writ was granted commanding a return

thereto of the proceedings in the matter and the record in an action in that court wherein Gustav Fienup was plaintiff and Edward Kiessling and others were defendants. Relator was released from confinement pending inquiry into the jurisdiction of the court adjudging him guilty of contempt.

The proceeding in circuit court against relator for contempt was initiated by the filing of an affidavit charging him with abuse of legal process and asking that an order issue requiring him to show cause why he should not be punished for contempt. It appears from the affidavit that the circuit court of Pennington county after hearing entered on September 24, 1947, its decision and judgment in an action commenced by Gustav Fienup against Edward Kiessling and others quieting title in defendants to the premises described in the complaint and enjoining the plaintiff from interfering with the possession of the property or in any manner molesting defendants in its use and occupancy; that despite the injunctive terms of the judgment plaintiff therein named commenced an action in the circuit court of Pennington county on June 28, 1951, alleging an identical cause of action; and that the defendant were required to set up in defense the adjudication in the former suit. Upon the affidavit, an order was issued requiring Gustav Fienup to show cause why he should not be punished for contempt. The affidavit and the order were served upon him. The court rendered a judgment reciting that Gustav Fienup failed to appear in person or by counsel and adjudging him guilty of contempt, but no separate findings of fact were made by the court. It will serve no useful purpose to set out other proceedings shown by the record and referred to by counsel. The proceedings below which we have set out are a sufficient basis for discussion and determination of the questions which we find to be decisive in disposing of relator's application.

 The circuit court has inherent power to adjudge and punish for contempt. City of Mt. Vernon v. Althen, 72 S. D. 454, 36 N.W.2d 410. Contempts of court have been classified as civil or criminal, or as direct or constructive. State v. American-News Co., 62 S. D. 456, 253 N.W. 492. Direct contempts are usually defined as words spoken or acts

committed in the presence of the court or during its intermissions which tend to subvert, embarrass or prevent the administration of justice and may be summarily punished by the presiding judge as he may deem just and necessary. Constructive contempts arise from matters not transpiring in court, but in reference to the failure to comply with the orders and decrees issued by the court in a civil action for the benefit of the opposing party. The process in such instances as hereinafter indicated is different from the summary process in case of direct contempt.

The nature of the proceeding sought to be reviewed was a constructive contempt. In Simmons v. Simmons, 66 S. D. 76, 278 N.W. 537, this court held that a contempt committed without the presence of the court is sui generis, partaking of a criminal nature by reason of the authority to convict and punish and yet in a sense civil and remedial; that a prosecution for such contempt, as distinguished from direct contempt, involves features of a formal trial including the making of a charge and the giving of notice to the contemner; and that an affidavit upon which a proceeding is based is jurisdictional and all facts showing jurisdiction must appear.

■■ The act constituting the contempt charged as we have indicated was the attempt contumaciously to relitigate questions determined by the court. The judgment or decree of a court of competent jurisdiction on the merits concludes the parties and privies to the litigation and constitutes a bar to a new action or suit involving the same cause of action either before the same or other tribunal. The doctrine of res judicata rests on reasons of public policy and private right. Relitigation of questions previously determined by a court of competent jurisdiction will not be permitted and a party proceeding wilfully to relitigate matters adjudicated against him is doubtless guilty of contempt. 17 C.J.S., Contempt, § 10; Mendel v. Berwyn Estates, 109 N.J. Eq. 11, 156 A. 324. It is not necessary here for us to define more precisely what is required to be shown to establish wilful abuse of process.

■ It is contended by relator that the judgment in the action out of which the alleged contempt arose is null

and void. The disobedience of a void judgment is not, of course, punishable as contempt. Such a judgment is a nullity and may be attacked collaterally. The action referred to was tried before Hon. Alex Rentto, Judge of the Eighth Judicial Circuit, acting for and in the place of Hon. Turner M. Rudesill, Judge of the Seventh Judicial Circuit, who was disqualified. It is asserted that Judge Rentto was not designated in the manner provided by statute to preside in the trial of the action and was, therefore, without authority to render decision and judgment. SDC 33.1206 provides that the "orders, judgments, and decrees of a Circuit Judge acting in a county other than one in his own Circuit shall be as effectual for all purposes as though made by a Judge regularly elected and qualified therein". If as relator claims Judge Rentto was not duly designated to act as a substitute judge, his acts would at most be erroneous and liable to be avoided or reversed on appeal. 48 C.J.S., Judges, § 98; State v. Thomson, 76 N. D. 125, 34 N.W.2d 80. There is a vast difference between a void judgment and one which is merely erroneous. This distinction is expressed in the case of Farwell v. Horton, 301 Ill.App. 372, 22 N.E.2d 958, 961: "Of course a party can not be guilty of contempt of court for disobeying an order which the court had no authority of law to make but if a court has jurisdiction of the parties and legal authority to render the order, then it must be obeyed even though it was erroneous or improvidently entered." It is our conclusion that a judgment rendered by a duly elected and qualified judge acting in a county other than one in his own circuit cannot be impeached collaterally because designation in the particular action was not made in the manner provided by statute.

The record presents the further question whether the court had a right to adjudge relator guilty of contempt without making findings of fact. It is the rule in this state that in a proceeding of this nature findings of fact are required. Hoffman v. Hoffman, 26 S. D. 34, 127 N.W. 478, 30 L.R.A.,N.S , 564; Krueger v. Krueger, 32 S. D. 470, 143 N. W. 368; Gockowski v. Gockowski, 47 S. D. 640, 201 N.W. 554; State ex rel. Parsons v. Kaufman, 50 S. D. 645, 211 N.W. 691; State ex rel. Burke v. Marso, 63 S. D. 38, 256

N.W. 257; Nash-Finch Co. v. Raich, 66 S. D. 521, 286 N.W. 326; Simmons v. Simmons, supra; see also Annotation: 154 A.L.R. 1230. A disregard of this rule is not a mere irregularity in practice. It is a vital defect; the court has no right to adjudge a party to be in contempt without making findings of facts showing, as a matter of law, a basis for the judgment. For this reason, the judgment cannot be sustained. We need not discuss the nonappearance of relator before the judgment was entered or determine whether trial, conviction and decree of punishment notwithstanding nonappearance present a question of excess of jurisdiction reviewable on certiorari.

The judgment adjudging relator guilty of contempt is annulled, without prejudice to further proceedings.

SICKEL, P. J., and RUDOLPH and SMITH, JJ., concur. LEEDOM, J., disqualified.