**Mary AMIOTTE, Plaintiff and Appellant,**

v.

**Marvin AMIOTTE, Defendant and Appellee.**

**No. 14127.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 28, 1983.

Decided Nov. 28, 1984.

---

Robert C. Ulrich, Vermillion, for plaintiff and appellant.

Keith A. Tidball, Pierre, for defendant and appellee.

WOLLMAN, Justice.

This is an appeal from an order denying appellant Mary Amiotte's motion to have appellee Marvin Amiotte held in contempt of court for failure to comply with the child custody provisions of the parties' decree of divorce. We affirm.

Appellant and appellee were divorced on March 8, 1982. Custody of the four minor children was vested in appellant; however, each child had the option to live with appellee during specific years.

Pursuant to the parties' stipulation, the decree of divorce provided that "Marvin Amiotte will care for any of the children in

his custody or during visitation, and the children shall not live with his relatives." According to appellee, this provision was inserted to prevent the children from living with his brother in Spearfish or his grandmother in Rapid City while appellee lived in Porcupine. According to appellant, the provision was inserted to prevent the children from living with appellee's parents, who she felt alienated her children from her and with whom her relationship was strained.

Shortly after the divorce became final, appellee agreed by contract for deed to purchase from his mother the home that his parents were living in. Since that time, appellee has occupied the home along with two of his children and his parents. Appellant contends that because of this living arrangement appellee is in contempt of court by willfully and contumaciously disregarding that portion of the decree of divorce mandating that "the children shall not live with his relatives."

The four elements that must be established as a precondition to a finding of contempt are: (1) existence of an order; (2) knowledge of the order by defendant; (3) ability to comply with the order; and (4) willful and contumacious disobedience. *Karras v. Gannon*, 345 N.W.2d 854 (S.D. 1984); *Rousseau v. Gesinger*, 330 N.W.2d 522 (S.D.1983); *Jameson v. Jameson*, 306 N.W.2d 240 (S.D.1981); *Hanisch v. Hanisch*, 273 N.W.2d 188 (S.D.1979); *Krueger v. Krueger*, 32 S.D. 470, 143 N.W. 368 (1913).

The trial court determined that it could not hold as a matter of law that appellee had willfully and contumaciously disobeyed the decree of divorce. We agree. The children live with appellee in his only home. Appellee is responsible for their direct supervision and primary care. Although the presence of appellee's parents in the home could technically be considered a violation of the decree, appellee's conduct in permitting them to reside in the home does not rise to the level of contuma-

cious disobedience. As we held in *Karras v. Gannon, supra:*

> To form the basis for a subsequent finding of contempt, an order must state the details of compliance in such clear, specific, and unambiguous terms that the person to whom it is directed will know exactly what duties or obligations are imposed upon him.

345 N.W.2d at 859. Had it been the intention of the parties that the children should in no event reside in the same household with appellee's parents, the stipulation and subsequent divorce decree could have so provided. Likewise, had appellant sought and obtained an amendment to the decree to provide for such a provision, as she did with respect to clarifying the legal description of the real property disposed of by the decree, perhaps a subsequent contempt proceeding would have been more effectual. As it is, however, the language of that portion of the decree in question is sufficiently ambiguous as to not mandate a finding that appellee had contumaciously disobeyed it.

The order is affirmed.

MORGAN, J., and DUNN, Retired Justice, concur.

FOSHEIM, C.J., and HENDERSON, J., dissent.

WUEST, Acting Justice, not participating.

FOSHEIM, Chief Justice (dissenting).

Precedent holds that findings of fact and conclusions of law must be entered in contempt proceedings. In *Otten v. Otten*, 245 N.W.2d 506 (S.D.1976), we held:

> Findings of fact are necessary before a judgment of contempt may be entered against a defendant ... These findings may be incorporated in the judgment, ... but the bald statement in the instant judgment that defendant " * * * is hereby found to be in contempt of this Court," is in the nature of a conclusion rather than a finding based upon evidentiary facts and does not satisfy the requirement that the court must make findings of fact that show, as a matter of law, a basis for the judgment.

An absence of findings and conclusions likewise frustrates review of whether the trial court properly denied appellant's attempt to have appellee found in contempt. I would accordingly remand for entry of appropriate findings.

I am hereby authorized to state that Justice HENDERSON joins in this dissent.