**Deloris Marie THOMERSON, Plaintiff and Appellant,**

v.

**Albert Benson THOMERSON, Defendant and Appellee.**

**No. 15067.**

Supreme Court of South Dakota.

Argued March 17, 1986.

Decided May 14, 1986.

Randall R. Hodge of Banks & Johnson, P.C., Rapid City, for plaintiff and appellant.

Paul M. Sedlacek, Rapid City, for defendant and appellee; Robert Moore of Moore & Kandaras, PLC, Rapid City, on brief.

FOSHEIM, Chief Justice.

Deloris Thomerson appeals from a trial court's failure to hold her ex-husband, Albert Thomerson, in contempt and from the trial court's modification of alimony and child support awards. We reverse and remand.

Deloris and Albert Thomerson were married in 1965 and divorced in 1979. One child, Guy, was born in 1969. The divorce decree ordered Albert to pay Deloris $150.00 per month alimony and $150.00 per month child support. In addition, he was directed to structure a $20,000.00 trust fund for Guy. Deloris was awarded a lump sum payment of $20,000.00 and various personal property. Albert was granted sole ownership of a ranch valued at $347,000.00, machinery and personal property worth $45,000.00, and miscellaneous real and personal property amounting to over $6,000.00. The award to Albert was offset with debts of approximately $180,000.00. No appeal was taken from that judgment.

Litigation has continued throughout the years following the divorce including numerous prior contempt proceedings against Albert for failure to pay alimony and child support. Deloris received her last alimony payment in 1981 following execution on a judgment for arrearages.

In early 1985, when Albert was 70 years old and Deloris was 59, Deloris began this contempt proceeding alleging that Albert had not been making monthly alimony and support payments [1] and that over $6,000.00 for alimony and excess $1,000.00 for child support were in arrears. The court issued an order to show cause. Albert responded with a motion for retroactive modification of alimony and abatement of arrearages and cancellation of future maintenance payments. This response was supported by his personal affidavit. At the hearing, no oral testimony was presented and neither party was present. The hearing, however, with counsels' remarks was transcribed. Following the hearing, and with the court's approval, Deloris submitted an affidavit in response to Albert's affidavit.

In May, 1985, the trial court ruled that Deloris had failed to meet her burden of proof on the contempt issue. The court

---

1. The child support award had been reduced from $150.00 to $53.00 in 1980 because the minor child became eligible to receive Social Security benefits (equal to the reduction) because of Albert's advanced age.

further concluded that: child support obligations were paid and changed conditions since the divorce justified modification of the decree; alimony should be terminated and arrearages abated; and modification of the child support award should be made. The trial court rejected the proposed findings of fact and conclusions of law of both parties and entered its own.

### I. Contempt

We first note that the proper procedure for civil contempt was not followed. As the incidence of divorce increases, followed by more legal activity to enforce alimony and child support awards, these procedures gain significance. Since civil contempt can result in incarceration, constitutional safeguards must be observed. Likewise, since the very jurisdiction of the court rests on proper procedure, a detailed review appears appropriate.

■ Courts of general jurisdiction have inherent power to punish contempt by fine or imprisonment, *City of Mount Vernon v. Althen*, 72 S.D. 454, 458, 36 N.W.2d 410, 412 (1949), *Fritz v. Fritz*, 45 S.D. 392, 394, 187 N.W. 719, 720 (1922), or both. *Nauman v. Nauman*, 320 N.W.2d 519, 521 (S.D.1982); *Simmons v. Simmons*, 66 S.D. 76, 79, 278 N.W. 537, 538 (1938). Contempt of court is classified as either criminal or civil. *See* SDCL § 15–20–19 and ch. 23A–38. Criminal or direct contempts are words spoken or acts committed in the presence of the court or during its intermissions which tend to subvert, embarrass, or prevent the administration of justice and may be summarily punished by the presiding judge as he may deem just and necessary. *State v. American-News Co.*, 62 S.D. 456, 459, 253 N.W. 492, 494 (1934); *see also Karras v. Gannon*, 345 N.W.2d 854 (S.D. 1984). Constructive or civil contempts arise not from matters transpiring in court but rather from a person's failure to comply with orders and decrees issued by the court in a civil action for the benefit of an opposing party. *American-News Co.*, 62

S.D. at 459, 253 N.W. at 494. It is not always easy to classify a particular act as belonging either to criminal or civil contempt. *Id.* It may partake of the characteristics of both. *Id.* However, the distinction in punishment is clear. In criminal contempt, the order itself is in the nature of punishment. *Id.* at 460, 253 N.W. at 493. In civil contempt, the punishment is coercive, that is, it compels the person to act in accordance with the court's order. *Id.; State v. Knight*, 3 S.D. 509, 514, 54 N.W. 412, 413 (1893).

■ Here, we are concerned only with civil contempt, which is sui generis, that is, partaking of a criminal nature by reason of the authority to convict and punish and yet in a sense civil and remedial. *Simmons*, 66 S.D. at 79, 278 N.W. at 538. A prosecution for civil contempt, as distinguished from criminal contempt, involves features of a formal trial including the making of a charge based on an affidavit and the giving of notice to the contemner. *Fienup v. Rentto*, 74 S.D. 329, 332, 52 N.W.2d 486, 488 (1952). A civil contempt proceeding may be brought by an order to show cause, *Simmons*, 66 S.D. at 79, 278 N.W. at 538, and may properly be entitled within a civil action; it need not be a separate proceeding. *Freeman v. City of Huron*, 8 S.D. 435, 437, 66 N.W. 928, 928–29 (1896).[2] The affidavit seeking an adjudication of civil contempt is treated as the complaint or information to which the accused, in effect, is requested to plead guilty or not guilty. *See, e.g., Simmons*, 66 S.D. at 80, 278 N.W. at 538–39. If he denies the allegations, the burden of proving the allegations necessary to sustain the contempt as charged fall upon the person bringing the proceedings. *Freeman*, 8 S.D. at 437, 66 N.W. at 929.

■ The affiant must establish four elements for a prima facie case warranting a finding of contempt for failure to pay alimony. These elements are (1) the exist-

**2.** The procedural problems, however, usually arise when the civil contempt is made part of and treated the same as other aspects of the order to show cause such as a change in alimony or child support payments.

ence of an order; (2) knowledge of the order; (3) ability to comply with the order; and (4) willful or contumacious disobedience of the order. *Rousseau v. Gesinger*, 330 N.W.2d 522, 524 (S.D.1983); *Myhre v. Myhre*, 296 N.W.2d 905, 907 (S.D.1980); *Hanisch v. Hanisch*, 273 N.W.2d 188, 190 (S.D.1979).

■ All facts showing the jurisdiction of the court must appear in the affidavit. *Simmons*, 66 S.D. at 80, 278 N.W. at 539. Unless every material fact constituting the alleged violation is stated in the affidavit, the court has no jurisdiction. *In re Solberg*, 51 S.D. 246, 248, 213 N.W. 9, 10 (1927). The contents of the affidavit cannot be stated on presumption, intendments, or upon information and belief. *Freeman*, 8 S.D. at 439, 66 N.W. at 929; *State v. Sweetland*, 3 S.D. 503, 506–07, 54 N.W. 415, 416 (1893). The affidavit filed by the accused in response is to be treated as an answer and upon the issues so raised, evidence is to be adduced on each side. *Simmons*, 66 S.D. at 80, 278 N.W. at 539. No reply to the answer is necessary. *Otten v. Otten*, 245 N.W.2d 506, 508 n. (S.D.1976).

■ It must be established that a copy of the decree or judgment of the court was personally served on the defendant before he can be convicted of contempt for failure to comply with its requirements. *Kruger v. Kruger*, 32 S.D. 470, 471, 143 N.W. 368, 369 (1913). If, however, the accused had actual knowledge of the contents of the judgment, such personal service is unnecessary. *Freeman*, 8 S.D. at 43, 66 N.W. at 929; *Knight*, 3 S.D. at 517, 54 N.W. at 415. When the court has acquired jurisdiction, an appropriate adjudication can be rendered, including a commitment to jail, even though the committed party in contempt is not personally present. *Fritz*, 45 S.D. at 394, 187 N.W. at 719.

■ When the defense is the inability to pay alimony,[3] the burden of proof shifts to the defendant to establish his inability to comply with the order. *Jameson v. Jameson*, 306 N.W.2d 240, 241 (S.D.1981); *Talbert v. Talbert*, 290 N.W.2d 862, 863 (S.D. 1980); *see also Hanks v. Hanks*, 334 N.W.2d 856 (S.D.1983). Self serving testimony alone is insufficient and corroboration is necessary to establish a defense that a party cannot pay alimony. *Rosseau*, 330 N.W.2d at 524. It is error to deny the request of the defendant to submit oral testimony but absent such a request the court can proceed to determine the matter on affidavit. *Simmons*, 66 S.D. at 79–80, 278 N.W. at 538.

The final adjudication results in a judgment rather than an order. *See Krueger*, 32 S.D. at 470, 143 N.W. at 369. The judgment must be based upon clear and specific findings of fact as to all material elements. *Fienup*, 74 S.D. at 333–34, 52 N.W.2d at 48.

■ Since the punishment for civil contempt could be imprisonment, the accused is entitled to be represented by counsel as a matter of right. 17 Am.Jur.2d Contempt, § 92. In *Simmons*, 66 S.D. at 79–80, 278 N.W. at 538 we said:

The United States Supreme Court in the case of *Cooke v. United States*, 267 U.S. 517 [536–37], 45 S.Ct. 390, 395, 69 L.Ed. 767 [1925], [774] said:

"When the contempt is not in open court, however, there is no such right or reason in dispensing with the necessity of charges and the opportunity of the accused to present his defense by witnesses and argument.

\* \* \* \* \* \*

"Due process of law, therefore, in the prosecution of contempt, except of that committed in open court, requires that the accused should be advised of the charges and have a reasonable opportunity to meet them by way of defense or explanation. We think this includes the assistance of counsel, if requested, and the right to call witnesses to give testi-

---

3. Deloris does not pursue on appeal the contempt action for delinquency in payments of child support.

mony, relevant either to the issue of complete exculpation or in extenuation of the offense and in mitigation of the penalty to be imposed."

See also In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948).

In Knight, 3 S.D. at 514, 54 N.W. at 412, we said:

If the contempt consists in the refusal of the party to do something which he is ordered to do for the benefit or advantage of the opposite party, the process is civil, and he stands committed until he complies with the order.

Adjudication for contempt which contains a commitment for imprisonment is insufficient if the mandate is to take the prisoner into custody and detain him until the further order of this court or until he shall be discharged by due course of law. State ex rel. Burke v. Marso, 63 S.D. 38, 46, 256 N.W. 257, 260 (1934). Such a commitment is illegal and void for uncertainty. Id.

In Uphaus v. Wyman, 360 U.S. 72, 79 S.Ct. 1040, 3 L.Ed.2d 1090 (1959), the Court held that if imprisonment is imposed in civil contempt proceedings, it cannot be for a definite term, and that if a person who is held in contempt for violating an order, complies with it or shows that compliance is impossible he must be released.

Since it is impossible to succeed in coercing that which is beyond the power of the individual to perform, continued incarceration for civil contempt depends upon the ability of the prisoner to comply with the order of the court. This is the basis for the reasoning in Uphaus that a contemner must be released when confinement has lost its coercive force since such confinement would then become punitive and criminal penalties cannot be imposed in civil contempt proceedings. In re Grand Jury Investigation, 600 F.2d 420, 424 (3rd Cir. 1979).

■ Applying these standards, we agree with the trial court that Albert should not be held in contempt but reach that conclusion on a different premise. We find that the trial court was without juris-diction in the contempt proceeding because the affidavit by Deloris was made only on "information and belief." As we have previously held, such an affidavit is insufficient in a civil contempt procedure. Freeman, 8 S.D. at 439, 66 N.W. at 929; see also In re Solberg, 51 S.D. at 248, 213 N.W. at 10; compare State v. Bullis, 315 N.W.2d 485, 488 (S.D.1982).

II. Modification of Support Awards

■ Deloris concedes that an alimony order may be modified to retroactively abate all or part of alimony arrearages, but maintains the evidence was insufficient for the court to conclude the required change of circumstances had occurred. She notes that the burden of proof is on Albert to show the necessary change of circumstances sufficient to warrant modification. Moreover, she highlights the fact that there has been no showing that her need for alimony has diminished since the original decree of divorce. Albert responds that his deteriorating health, advanced age, inability to work, and the present depressed agriculture economy clearly show he is unable to meet the alimony payments.

Albert concedes his income is approximately the same as when the divorce was finalized. His health, age, and ability to work do not seem relevant since his income is not a product of his present labors. His claim that his credit and financial obligations and credit have changed so as to hinder his payment of alimony stand unsupported by any evidence. Moreover, he has failed to set forth why these factors should not be considered in determining his ability to pay alimony. See Gross v. Gross, 355 N.W.2d 4, 8–9 (S.D.1984). We, therefore, conclude the record fails to show a change of circumstances which warrants retroactively abating alimony arrearages and terminating future alimony payments.

■ The trial court, apparently unfamiliar with prior proceedings in this case, also erred in its Findings and Conclusions that Albert's monthly child support obligation was satisfied.

The record indicates that Albert was initially ordered to pay child support of $150.00 per month. He was also ordered to structure a $20,000 trust for the child's health, education and welfare. During minority, the income is to be distributed to Mrs. Thomerson, and upon reaching majority, the trust corpus is to be distributed to Guy. There was no indication, as Albert claims, that the trust was to serve as security for his monthly child support payments. In May of 1980, Albert was ordered to deposit two $10,000 C.D.'s to establish the trust originally ordered, and pay $2,000.00 lost profits and rents under the Trust account for his failure to comply with previous support orders. He was also directed to pay arrearages of $2,800 for child support and alimony. It is clear from this order that the income from the trust was not in lieu of the $150.00 child support payment already owing. In November of 1980 the child support order was reduced by $97.00 to $53.00 per month since Guy was then receiving $97.00 in Social Security benefits through Albert. However, that order did not alter the status of the trust account or the profits therefrom. Consequently, on remand Findings and Conclusions consistent with the record should be entered.

### III. Attorney Fees

Both parties have submitted motions for attorney fees on appeal. However, neither party has submitted an itemized statement of costs incurred and legal services rendered. Both advised, however, that they will do so following oral argument. Itemized statements for attorney fees should be filed *with* the motions. *Malcolm v. Malcolm*, 365 N.W.2d 863, 866 (S.D.1985). Since they were not, attorney fees on appeal are denied.

We reverse and remand for proceedings consistent with this opinion. The trial court is directed to enter the required specific findings of all elements establishing or precluding contempt and of all facts relevant to modification of support awards. *Fuller v. Fuller*, 312 N.W.2d 729, 730 (S.D. 1981); *see also Amiotte v. Amiotte*, 358

N.W.2d 803, 805 (S.D.1984) (Fosheim, C.J., joined by Henderson, J., dissenting); *see also Fienup*, 74 S.D. at 333–34, 52 N.W.2d at 48; *Rosseau*, 330 N.W.2d at 524.

All the Justices concur.