[Crim. No. 1379.    Fourth Dist.    July 29, 1958.]

THE PEOPLE, Respondent, v. FAY STANLEY et al., Defendants; GEORGE CORDON, Appellant.

John C. Thompson for Appellant.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, and James Don Keller, District Attorney (San Diego), for Respondent.

GRIFFIN, J.—Defendant-appellant Cordon was charged in count one of an indictment, along with defendants Stanley and Phillips, with the crime of conspiracy to commit the offense of bookmaking (violation of Pen. Code, §§ 182, subd. 1, and 337a). Five separate overt acts are charged. As to count one the jury returned a verdict of guilty. Appellant's sentence was suspended and he was granted probation for three years. As a part of the conditions of probation, he was to serve six months in the detention facilities of San Diego County and pay a fine of $1,000, not associate with any known bookmakers, not cross the international border into Mexico, and *not have a telephone in his home or upon any property under his control,* except his wife may have such telephone while he is in custody.

Appellant, on appeal, claims: (1) that the evidence is insufficient to establish a conspiracy as alleged; (2) error in the admission of certain evidence and in denying his motion for a directed verdict and for a new trial; and (3) imposition of unreasonable conditions pertaining to the telephone service as above italicized.

One Schrader, District Attorney Investigator, testified that between July 1st, 1957, and October 21st, 1957, he placed numerous bets on horse races with defendant Stanley at her place of business (a souvenir shop located at 1023 Fourth Avenue) in San Diego; that on several occasions, immediately upon taking the bets, she informed the investigator that she would telephone the bets in and thereupon she would place a telephone call; that on certain of these occasions the investigator overheard defendant state the name of the horse, the name of the track and the amount of the bet, over the telephone. He observed other persons placing bets on horse races with her on some of the occasions on which he was in her place of business. On the afternoon of July 29th the investigator observed the numbers AT-44722, which defendant

418

Stanley dialed after taking his bet (Overt Act No. 2) and he determined that the number was of a telephone located at 4438½ 30th Street, San Diego. On August 1st, after placing a bet with defendant Stanley, the investigator again observed her dialing the same number he had observed her dialing on July 29th, and again he heard her speak the name of the horses, the track and the amount of the bet into the telephone. The number dialed was AT-44722. On the morning of August 3rd the investigator observed defendant Stanley and appellant Cordon sitting in a booth in a coffee shop and observed them leaving it together. He again observed them leaving the same coffee shop on August 6th. In each instance they were engaged in conversation. On October 21st (the occasion of placing the bet alleged in Overt Act No. 3) Mrs. Stanley informed the investigator that the man with whom she met at the coffee shop was George Cordon; that at these meetings she gave him money or he gave her money; that Cordon "is the person she books for"; that he was a good person to book for and that he "treated her real good." She further stated that Cordon had collected money which was owed for a bet which she had accepted on credit.

Another investigator testified that on October 22, 1957, accompanied by investigator Schrader, he went to an apartment designated as 4438½ 30th Street; that he rang the door bell and a woman's voice answered; that he told her he was a police officer, had a search warrant, and asked to be admitted; that upon entering he saw defendant Phillips and observed a considerable amount of bookmaking paraphernalia in the room; that during the time they were in there the telephone rang incessantly; that while the investigator was interrogating defendant Phillips, appellant Cordon entered the house. (Overt Act No. 5.) The investigator stated that appellant Cordon, in response to a question, remarked that he recognized the equipment and paraphernalia as a "bookie layout," but said he did not know anything about it, "that he had used a different system"; that Cordon admitted that he owned the premises but denied he knew anything about the bookmaking equipment or that he knew defendant Phillips; and that he also denied that he had met any bookmakers or any woman or women downtown for coffee or lunch.

One Mary Jane Ducote testified that she had placed bets on horse races with defendant Stanley at Stanley's place of business; and that she had seen appellant Cordon there. Another witness testified that she was engaged in the bookmaking

profession in August, 1957, and that she had telephoned her bets to the same telephone number to which the investigator telephoned; that Fay Stanley was telephoning the bets to AT-44722, which she was taking.

A police officer, testifying as an expert on bookmaking professions, stated that the paraphernalia found at the apartment operated by defendant Phillips in the premises owned by defendant Cordon was equipment commonly used by bookmakers in San Diego and was used for the purpose of recording and registering bets. The manager of the telephone company testified that his records showed that the number AT-44722 was the telephone number of an instrument located at 4438½ 30th Street. It was stipulated that these premises were owned by appellant Cordon and his wife.

Cordon testified in his own behalf and denied that he had ever seen his codefendant Phillips prior to the date of her arrest. He said he did not know of the activities being carried on in the premises in the back of his residence on 30th Street; that he told the officers that his wife did all of the renting and that as to most of the tenants "I don't know what they look like." He admitted knowing defendant Stanley and meeting her at Manning's Coffee Shop; admitted having financial transactions with her in an effort to give her a little moral support and a little bit of financial support. Defendant Stanley acknowledged taking money from Schrader and telephoning a bet in for him. She denied knowing defendant Phillips and admitted being friendly with appellant. She stated that she borrowed money from appellant and tried to pay it back. She denied telephoning the number AT-44722, admitted meeting Cordon at the coffee shop, but claimed it was "purely accidental." Defendant Phillips did not take the stand to testify.

The gist of a criminal conspiracy is a corrupt agreement of two or more persons to commit an offense prohibited by statute, accompanied by some overt act in furtherance of the objects of the conspiracy. (*People* v. *Sica,* 112 Cal.App.2d 574, 580-581 [247 P.2d 72] ; *People* v. *Brownstein,* 109 Cal.App.2d 891, 892 [241 P.2d 1056] ; Pen. Code, §§ 182-184.) The existence of the agreement may be established by circumstantial evidence and may be inferred from acts and conduct of defendants in mutually carrying out a common purpose in violation of the statute. (*People* v. *Benenato,* 77 Cal.App.2d 350, 358 [175 P.2d 296].)

As between defendants Stanley and Phillips, the evidence is sufficient to show that they were guilty of violating section 337a of the Penal Code. The only question is the sufficiency of the evidence to show that defendant conspired with them for this purpose. The record discloses that the jurors were clearly told that no evidence of an act or declaration of an alleged conspirator is binding upon any other conspirator unless and until, independent and without the aid of such evidence, a conspiracy as alleged had been proven to be in existence at the time of the act or declaration. And they were also told that the mere association between one or more of the alleged conspirators was not sufficient to prove that such defendant was a member of the alleged conspiracy.

Here, admittedly appellant and his wife were the owners of the premises where the bookmaking was being conducted. He lived in a house on the same lot and was seen, on several occasions, talking to one of the defendants at a coffee shop. He was familiar enough with the premises on 30th Street to enter when the officers were there and did observe the bookmaking paraphernalia which was present. He denied he knew his tenant, which apparently proved to be false, and ventured upon an incredible explanation of his lack of knowledge of the activity carried on at these premises.

Deception and falsehood as to the facts under investigation are evidence of a consciousness of guilt. (*People* v. *Farrell,* 107 Cal.App.2d 25, 29 [236 P.2d 424].) Appellant's testimony at the trial and that of the other codefendant who testified tended to connect the appellant with the alleged conspiracy and it might well be inferred that his appearance at the apartment of defendant Phillips was not just a coincidence.

We conclude that the facts established were sufficient to admit the testimony of the coconspirator, and the motion to strike it was properly denied. The denial of the motion for a directed verdict and for a new trial was authorized. There was sufficient evidence to submit the question of appellant's guilt to the jury.

In *People* v. *Osslo,* 50 Cal.2d 75, 103 [323 P.2d 397], it was argued that the condition of probation exceeded the trial court's power where the defendants, during the 10-year probation period, were precluded from holding any union position or receiving remuneration from any union. It was there held that where the defendants were guilty of crime growing out of union activities, it was not improper that

restrictions be placed upon such activities as a condition of probation. It would appear that these same principles should here apply where appellant's activities were carried on mainly through the telephone exchange in connection with his house and his properties. It does not appear that this condition was harsh and unreasonable under the decisions of *People* v. *Frank*, 94 Cal.App.2d 740 [211 P.2d 350] ; *People* v. *Blankenship*, 16 Cal.App.2d 606, 609 [61 P.2d 352] ; *People* v. *Osslo*, *supra*; and section 1203.1, Penal Code.

Judgment and order affirmed.

Mussell, Acting P. J., and McCabe, J. pro tem.,* concurred.

A petition for a rehearing was denied August 22, 1958.

*Assigned by Chairman of Judicial Council.