[Crim. No. 1449.   Fourth Dist.   July 29, 1960.]

THE PEOPLE, Respondent, v. JAMES NEELY, Appellant.

Edgar G. Langford, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant-appellant was convicted by a jury of the charge of possession of marijuana in violation of section 11530, Health and Safety Code. He admitted a prior

conviction of section 11500 of said code. He, in propria persona, filed a notice of appeal. Defendant's trial counsel was appointed to represent defendant on this appeal and he has reported that he is unable to find any error sufficiently prejudicial to justify a reversal. Defendant, in propria persona, makes several claims as grounds for reversal, such as disbelief of the arresting officer's testimony, claimed prejudicial misconduct of the district attorney in mentioning defendant's past record to the jury, claimed inconsistent statements of the officer between his testimony at the trial and that taken before the committing magistrate, and insufficiency of the evidence to warrant a conviction.

The attorney general filed a memorandum brief setting forth results of his examination of the record and he concluded that there was ample evidence to sustain the judgment and found no error justifying a reversal.

The evidence shows that about 11:50 p.m. on September 2, 1959, two police officers, in a patrol car near 30th and Imperial Avenue in San Diego, stopped at the curb to check a safe in a market. As one officer walked toward the safe, defendant dropped or threw something into the street. The officers went to the spot and found several cigarettes which one officer showed to the other officer and then placed them in his pocket. The officers then drove around the corner and returned and arrested defendant for possession of a narcotic. Defendant told the officers that he knew nothing about marijuana cigarettes. The officer had not mentioned marijuana cigarettes to him, nor had they shown the cigarettes they found to defendant. En route to the jail, defendant stated that he had not thrown the cigarettes but had thrown a chewing gum wrapper. Defendant was not then chewing gum. No chewing gum wrapper was later found in the area. On September 3, an officer talked to defendant in the jail and defendant claimed the clothing he was then wearing was his and that he had never had possession of any marijuana cigarettes. Upon a search of defendant's clothing, debris was taken from his trousers and shirt which proved to be marijuana dregs. Defendant then asked the officer if he could "forget" finding the dregs in the clothing and said if he would defendant could help them or the narcotics detail quite a bit. Each of the three hand-rolled cigarettes contained marijuana. It appears from the testimony that on April 26, 1958, this officer found defendant and others in possession of marijuana and his clothing contained marijuana debris.

In defense, defendant testified that he was walking on 30th Street on the evening of September 2, 1959, and the officers stopped him, placed him in the police car and told him he was under arrest for possession of marijuana and that the first time he saw the three marijuana cigarettes was when they were placed in evidence at the preliminary hearing.

He then testified that the officer who talked to him in the jail had previously arrested him for possession of marijuana and that he had pleaded guilty to the charge; that he was sentenced to Chino Prison and his girl friend's mother kept his clothes and that he obtained them from her about 65 days after he was released on June 8, 1959; that the clothing he was wearing on this occasion was the same clothing he wore when arrested in 1958 and that he had never cleaned out dregs in them from the former arrest. He then testified that since his release he had never used marijuana again. A Mrs. White testified that she did keep defendant's clothing for him while he was in prison and turned them over to him when he was released and they had never been cleaned or washed by her.

On rebuttal, the probation officer testified that defendant at no time ever contended he could have had marijuana dregs in his clothing and denied he could have had any there.

A mere recitation of the evidence, if believed by the jury, shows that it is sufficient to justify the conviction. ██ In reviewing the case, the court is bound to view the evidence in the light most favorable to the People. (*People* v. *Dail,* 22 Cal. 2d 642, 650 [140 P.2d 828] ; *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

Defendant made many conflicting statements. ██ In fact, if the officer's testimony is true, which we must assume on this appeal, defendant, in effect, offered some form of bribe to the officer if he would ''forget'' he had found dregs in his clothing and would not press the charges. This evidence, when considered in connection with the other evidence produced, sufficiently shows consciousness of guilt and knowledge of possession on the part of the defendant. (*People* v. *Stanley,* 162 Cal.App.2d 416, 420 [327 P.2d 973] ; *People* v. *Farrell,* 107 Cal.App.2d 25, 29 [236 P.2d 424].)

██ If there was any conflict between the officer's testimony at the trial and his testimony at the preliminary hearing, it was not brought out at the trial. The question of the weight to be given to the testimony of the officer was a question for the jury to determine.

██ Defendant first brought out the fact of his previous

arrest and conviction in order to lay a foundation for his testimony as to the possible reason marijuana dregs were found in his clothing. No prejudicial error resulted as to the district attorney's remark about his previous arrest. We have examined the entire record and find no meritorious grounds for the appeal or a reversal of the judgment.

Judgment affirmed.

Shepard, J., and Shea, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.