[Crim. No. 1548.    Fourth Dist.    Nov. 18, 1960.]

THE PEOPLE, Respondent, v. CARL LEE PARMENTER, Appellant.

Carl Lee Parmenter, in pro. per., for Appellant.

Stanley Mosk, Attorney General, S. Clark Moore, Deputy Attorney General, and Lowell E. Lathrop, District Attorney (San Bernardino), for Respondent.

SHEPARD, J.—Defendant was charged with the crime of driving an automobile without the owner's consent (violation of Veh. Code, § 10851), and with a prior felony conviction of a similar offense (violation of Veh. Code, § 503). Defendant and his counsel, and the district attorney, in open court, waived trial by jury, and trial was had before the court sitting without a jury.

During trial, it was discovered that defendant had been sentenced to the Youth Authority on the alleged prior conviction during the year 1958. The allegation of the prior conviction was thereupon, on motion of the district attorney, dismissed. The court, at the trial, found defendant guilty as charged, sentenced him to state prison, and defendant appeals in propria persona "from the decision."

In the interest of justice, for the purposes of this appeal, we will consider the notice of appeal sufficient and treat the cause on its merits.

The facts as shown by the record before us are as follows: During the night of October 10-11, 1959, a blue and white, two-door Buick sedan, year model 1955, license number CWR 786, was taken from the used car lot of San Bernardino Foreign Imports Company, owner, without its consent, at 4th and F Streets, San Bernardino. In the early morning hours of this same night, while still dark, and apparently between 4 and 5 o'clock a. m., Police Officers Huntsman and Wingrove were momentarily parked in their separate patrol cars on F Street, about one block south of said used car lot. They saw a car coming South on F Street with lights out. The officers pursued the car into a side street, and less than a block away from their starting point came upon it while it was still moving, with the door on the driver's side open, with the defendant 4 or 5 feet away, running. Jumping out of their cars, they ran after defendant, Officer Wingrove in the lead. The chase went across a parking lot and into a short, blind alley. Officer Wingrove, during the chase, firing his revolver into the air, called to defendant to halt, but defendant continued running. Defendant was wearing a light-colored jacket and dark trousers. He was 20 years of age. Officer Wingrove momentarily lost sight of defendant, but in a few seconds, by the aid of his flashlight, discovered him in a crouching position at the back end of the alley. Asked several times by Officer Wingrove where he stole the car, defendant at first said, "What car?" and to later questions gave no reply. He did not then deny the taking of the automobile. When asked what

lot he had taken the car from, defendant only shrugged his shoulders, giving no answer. The car was later identified as the blue and white Buick sedan taken from the used car lot.

In his testimony, defendant does not deny that he ran from the close vicinity of the stolen car as it came to stop at the curb, nor that he was chased by the officers and caught in the blind alley. He claimed that the car came near to him at the curb; that another unidentified person jumped out of the car while it was moving, about 20 yards from where it stopped; that such claimed other person ran around *back* of the car and departed in another direction; that defendant saw the police car coming 70 or 80 yards away, was scared and ran. However, when the police came upon the scene, their headlights were on, the car was still moving, and no such other person was seen. Defendant admits that on interrogation by the officers at the scene of arrest he said nothing about seeing another person get out of the car and run away.

## Evidence Is Sufficient

■■ The evidence, the general substance of which is here-inbefore related, is sufficient to support the court's finding of guilt. ■ Circumstantial evidence may be as adequate as direct evidence. (*People* v. *Goldstein,* 139 Cal.App.2d 146, 155 [12] [293 P.2d 495].) ■ Silence in the face of accusatory statements may be received in evidence as an implied admission of guilt. (*People* v. *Davis,* 48 Cal.2d 241, 249 ■ [309 P.2d 1] ; Code Civ. Proc., § 1870, subd. 3.) ■ Flight is a factor tending to connect the accused with the commission of an offense and may be indicative of guilt. (*People* v. *Hoyt,* 20 Cal.2d 306, 313 [4] [125 P.2d 29] ; *People* v. *Davis, supra,* 251 [14].) ■ Mere possession of a stolen car under suspicious circumstances may be sufficient to sustain a conviction. (*People* v. *Warren,* 175 Cal.App.2d 233, 244 [18] [346 P.2d 64] ; *People* v. *Holland,* 82 Cal.App.2d 310, 313 [5] [186 P.2d 58].)

Defendant's notice of appeal was filed January 21, 1960. At his request, continuations have been granted to allow him ample time to study the record and point out to this court any unfairness or error which he believes this court should give attention to. He has made no attempt to do so. In the interest of justice, this court directed a communication to defense counsel asking that he inform us of any point on appeal which he deemed worthy of note. He has filed with this court

a memorandum stating that he knows of no legal ground that would require a reversal of the judgment.

The attorney general has likewise filed a memorandum to the same effect. This court has independently studied the entire record and finds no error of a prejudicial character.

At the time of judgment, it was shown that defendant had previously been guilty of other similar acts. We find nothing unduly harsh in the court's judgment. The record shows that the trial judge was careful of defendant's rights and accorded to him a fair trial.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.