EVANS, Respondent v. UNRUH, Appellant

(107 N.W.2d 917)

(File No. 9878. Opinion filed March 1, 1961)

**Blaine Simons,** Sioux Falls, for Defendant and Appellant.

**John H. Zimmer,** Parker, for Plaintiff and Respondent.

RENTTO, J. This is a contempt proceeding. The defendant, a practitioner of Swedish massage at Elkton, South Dakota, since July 1, 1958, was enjoined from violating the provisions of our law concerning the practice of the healing arts. Subsequently in an appropriate proceeding it was determined that he was in contempt of court because of his violations of the injunction. He was sentenced to pay a fine and serve time in jail. The jail sentence provision of the judgment was conditionally suspended. He posted security to stay execution of such judgment pending his appeal therefrom.

While he assigns numerous errors their effect is to challenge the sufficiency of the evidence to warrant finding him to be in contempt and the propriety of the sentence imposed. His practice was much the same as that indulged in by the defendant in the case of Evans v. Hoyme, —S.D.—, 105 N.W.2d 71, 76, in which our decision was handed down after the briefs in this case were filed. Concerning the sufficiency of the evidence his contentions raise the same legal propositions that were urged and decided in that case.

The judgment which defendant is charged with violating enjoined him from:

> "Operating or utilizing in any manner equipment used in the diagnosis or treatment of human ills, from advertising in any manner that he is qualified to engage in the diagnosis and treatment of a human ill and from engaging in, offering to engage in, or holding himself out in any manner as qualified to engage in the diagnosis or treatment of any human ill."

While the court did not determine that defendant violated the provisions of the injunction concerning the use of

equipment in diagnosis or treatment, and advertising that he was qualified to engage in diagnosis and treatment of human ills, it did find that he wilfully violated the other prohibitions thereof. We are satisfied from our review of the record and the transcript of the testimony that these findings are amply supported by the evidence and justify the conclusion that he was in contempt.

■ While it is lawful for a person in this state to practice Swedish movements without being licensed, in administering such movements he may not "in any manner engage in, offer to engage in or hold himself out as qualified to engage in the diagnosis or treatment of any human ill * * *". SDC 1960 Supp. 27.0318. Or as we said in the Hoyme case "One engaged in that activity may not under the guise thereof do any of the things prohibited by this act." The testimony of the witnesses against him, and even some of the defendant's own testimony, compels the conclusion that he wilfully violated portions of the injunctional judgment entered against him. Accordingly we must hold that the court was justified in holding him in contempt.

In addition to being fined $300 he was committed to the county jail of Brookings County for a period of ninety days. The judgment contained the further provisions:

"* * * that the jail sentence herein imposed may be suspended upon condition that the defendant pay the fine and that he absolutely desist and refrain from carrying on his practice at Elkton, South Dakota, and that he conduct himself as a law-abiding citizen for a period of two years."

His complaint about the judgment concerns the condition of suspension by which he is prohibited from carrying on his practice at Elkton, South Dakota. He contends that the court was without power to deny him the right to practice Swedish massage, movements and exercises as authorized by law.

■ In support of the judgment plaintiff cites SDC 65.0107 as authorizing the fine and imprisonment imposed by the court and the conditional suspension of the jail sentence. The short answer to this is that the cited section specifically provides that it shall not "affect or regulate the power of any court to punish contempts of such court for violation of any of its own rules, regulations, orders, judgments, decrees, commands, or judicial functions in cases where such jurisdiction inheres in the court as part of its judicial powers or jurisdiction * * *." As we see it that section involves only administrative contempts while we are here concerned with a judicial contempt.

■ As further support for the judgment plaintiff relies on the provision of our constitution and the section of our statute providing for the suspension of sentences of persons convicted of crime under the laws of this state. Art. V, § 39 and SDC 1960 Supp. 34.3708. In our view these provisions are not applicable to the situation under consideration. Even though this is a case of criminal contempt the defendant was not convicted of a crime in the sense in which those words are used in these provisions of our law. State v. Knight, 3 S.D. 509, 54 N.W. 412 and State v. American-News Co., 62 S.D. 456, 253 N.W. 492.

■ The acts constituting defendant's contempt are also made a crime with each day of such conduct constituting a separate offense. SDC 1960 Supp. 27.9953. Had the defendant been prosecuted for such crimes and found guilty by a jury then the provisions urged would be pertinent. The power to punish for judicial contempt is inherent in courts of general jurisdiction. City of Mt. Vernon v. Althen, 72 S.D. 454, 36 N.W.2d 410. It is not controlled by laws that apply only to those convicted of a crime. Consequently these provisions do not apply when the sentence being suspended is for a judicial contempt.

■ While a sentence in any case of contempt results in punishment of the defendant its purpose is different depending on whether it is civil or criminal. Simmons v. Simmons, 66 S.D. 76, 278 N.W. 537. In civil contempt it is

intended as coercive, to compel the doing of an act which he has been ordered to do, but in criminal contempt its purpose is punitive, to punish him for doing something which he was ordered not to do. State v. Knight, supra. The extent of this punishment is within the sound discretion of the trial court. Although the necessity for contempt power is obvious, only casual reflection is necessary to realize the awful potential inherent in the court's authority to impose punishment in these cases. Consequently we must carefully weigh its exercise when challenged on appeal. Since the defendant has no choice in the matter of suspension he has no safeguard against the possibility that the conditions of suspension may be more onerous than the sentence.

■ Conceding that our cases speak of punishing for contempt by only a fine or imprisonment, nevertheless we believe it to be within the power of the court to suspend the imprisonment or remit the fine on conditions that are reasonable and legal. In County of Minnehaha ex rel. Willadsen v. Willadsen, 69 S.D. 412, 11 N.W.2d 55, this was recognized as the test of suspension granted in criminal cases. We think it also the proper rule in cases of this kind. Startling as it may seem at first blush, there is authority which holds it proper to deny to a defendant convicted of a crime the right to engage in a lawful occupation or a legal activity during the probationary period when such occupation or activity was involved in his misconduct. Stone v. United States, 9 Cir., 153 F.2d 331; People v. Osslo, 50 Cal.2d 75, 323 P.2d 397; People v. Stanley, 162 Cal.App.2d 416, 327 P.2d 973. We know of no good reason why this power should be denied a court when it suspends a sentence in a criminal contempt proceeding.

■ The suspension provision of the judgment in this case is somewhat ambiguous. It is possible to read it as requiring the defendant to refrain for the rest of his life from carrying on the practice of Swedish movements and exercises at Elkton, South Dakota. Such condition, we think would be unreasonable and improper. It is also

possible to view it as placing such restraint upon the defendant for only two years. Looking at it in the light of statements made by the trial judge at the conclusion of the hearing it is clear that he intended the latter. This condition we hold to be a proper one. Under the circumstances of this case it is reasonable and legal. Accordingly, the judgment is affirmed.

All the Judges concur.