[Crim. No. 7328.   Second Dist., Div. One.   Mar. 21, 1961.]

THE PEOPLE, Respondent, v. ARNOLD THERMIN GAUTT, Appellant.

Harrison M. Dunham for one Appellant.

Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Respondent.

FOURT, J.—This is an appeal from a judgment wherein appellant was found guilty of burglary.

Appellant Gautt was charged with two codefendants in an information filed in Los Angeles County on March 23, 1960, with burglary, in that they did on or about February 20, 1960, enter a men's store with the intent to commit a theft. It was also charged that said appellant was previously convicted of burglary, a felony, on or about February 1956 and served a term of imprisonment therefor in the state prison. The codefendants were charged with prior convictions of robbery and burglary respectively.

Appellant pleaded not guilty, a jury trial was properly waived, and the matter was submitted on the transcript of the preliminary hearing, and such other testimony as either side desired to introduce. Appellant was found guilty of second degree burglary. His motion for a new trial was denied and he was sentenced to the state prison.

The appeal is from the judgment and the order denying the motion for a new trial. The appeal of Azell Hayes was dismissed under rule 17(a) of the Rules on Appeal.

A résumé of the facts is as follows:

On February 19, 1960, Sidney Jacobs was interested in a clothing business located at 8662 South Broadway, Los Angeles. At about 9 o'clock p. m. on the date mentioned Jacobs locked up and left the store, at which time the stock in trade was in order and the windows were in good condition, with no marks thereon. At about 2 o'clock a. m. on February 20, 1960 Jacobs returned to the store and found several sport coats missing. He had given no one permission to enter the store or take anything therefrom.

At about 1:30 o'clock a. m. February 20, 1960, Officer Sandstrom responded to a burglary alarm call at 8662 South Broadway and as he approached the establishment he could hear the burglar alarm ringing. As the officer turned east on 87th Street from Broadway he saw appellant and his codefendant Hayes leave the rear of 8662 South Broadway. Appellant was at that time driving a pickup truck which was approximately 15 or 20 feet from the clothing store, and Hayes was seated on the passenger side of the truck. The officer stopped the vehicle and found a crowbar on the floor of the cab of the truck. There was some fresh plaster in the alleyway and some of the same plaster was on the tires of the truck and further there were fresh tire marks in the plaster located in the alleyway. The tires on the truck matched the marks in the plaster.

Officer Wade saw the codefendant Estis come from the dark near the front of the clothing store and stopped him for questioning. Estis was short of breath and his heart was pounding rapidly. The officer examined the building in question and found that a back window had been pried open with an instrument. Jacobs arrived and determined that several sport coats were missing and that there were some footprints and tire marks in the damp plaster in the immediate vicinity.

Officer Flanagan discovered two coats at the rear of a residence adjacent to the store. Paint samples from the rear pried-open window matched the paint samples from the crowbar. The marks or impressions on the rear opened-window were similar to the impression marks made by the crowbar.

About 2:30 o'clock p. m. on February 20, 1960, two officers talked to appellant and he related to the officers that certain things had occurred at or about the time in question. In another conversation with two officers held on February 23, 1960, the appellant admitted, ". . . did tell you one lie the other day" and then related what he then stated was the truth.

It is admitted that a burglary occurred; appellant's contention is that there is insufficient evidence to connect him with the commission of the crime. We think there is no merit to appellant's assertion.

■■ Appellant was in the immediate vicinity of the burglary and upon hearing the burglar alarm immediately made an effort to absent himself. Flight shows consciousness of guilt. *People* v. *Spivak,* 166 Cal.App.2d 796, 811 [334 P.2d 44]; *People* v. *Parmenter,* 186 Cal.App.2d 509 at pp. 510-511 [9 Cal.Rptr. 135].

■ The crowbar which was used to make the entry was found in the cab of the truck which appellant was driving immediately after the crime was committed. Appellant's story of how the crowbar happened to be in the pickup truck apparently was not believed by the judge.

The possession of burglary tools is significant: *People* v. *Cartier,* 170 Cal.App.2d 613 [339 P.2d 172]; *People* v. *Wilkes,* 44 Cal.2d 679 [284 P.2d 481] and *People* v. *Mercer,* 103 Cal. App.2d 462 [229 P.2d 411]. Furthermore appellant told conflicting stories to the police officers. It is evident from a reading of the record that the story of the appellant was fabrication. ■■ Whenever a defendant gives a false explanation, that evidence tends to show a consciousness of

guilt. *People* v. *Smith,* 184 Cal.App.2d 606, 610 [7 Cal. Rptr. 607] ; *People* v. *Stanley,* 162 Cal.App.2d 416, 420 [327 P.2d 973] ; *People* v. *Peete,* 54 Cal.App. 333, 352-353 [202 P. 51] ; *People* v. *Roberts,* 182 Cal.App.2d 431, 436 [6 Cal. Rptr. 161].

Appellant places great reliance upon the case of *People* v. *Draper,* 69 Cal.App.2d 781 [160 P.2d 80]. The facts of that case are very different from the facts of this case.

See also *People* v. *Horace,* 157 Cal.App.2d 395 [321 P.2d 64] ; *People* v. *Barbera,* 50 Cal.2d 688 [328 P.2d 973] ; *People* v. *Ross,* 120 Cal.App.2d 882 [262 P.2d 343].

We entertain no doubt that the evidence was sufficient to sustain the judgment.

The judgment and the order denying a motion for a new trial are and each is affirmed.

Wood, P. J., and Lillie, J., concurred.