2000 SD 136

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Sheldon Charles DUBRAY, Defendant and Appellant.**

**No. 21150.**

Supreme Court of South Dakota.

Considered on Briefs April 24, 2000.

Decided Nov. 1, 2000.

---

**3.** See supra note 1 for the relevant text of SDCL 15–6–60(b).

PER CURIAM

[¶ 1.] Sheldon Charles DuBray appeals from an order finding him in direct contempt of court. SDCL 23A–38–1. He was ordered to serve twenty-five (25) days in the Pennington County Jail. We affirm.

FACTS

[¶ 2.] On August 2, 1999, Circuit Judge Kern sentenced DuBray to two years in the penitentiary for distribution of one ounce or less of marijuana with consideration. SDCL 22–42–7. DuBray "was mad" and "vented." When he pounded his hands on the wooden railing surrounding the jury box the court ordered him to cease and desist.

[¶ 3.] As DuBray turned the corner to leave the courtroom he uttered an obscenity directed at the court. The court heard that he had uttered something under his breath. The deputy escorting DuBray immediately brought him back to the courtroom where the following occurred:

> THE COURT: All right. We'll go on the record. Do you need any additional assistance, officer?
>
> DEPUTY SHERIFF: Well, Mr. Dubray had something to say as he left the courtroom. Do you want to tell the judge what you said?
>
> THE DEFENDANT: I said bitch.
>
> THE COURT: All right. The Court is going to find you in direct contempt of this Court. We'll set this matter on for a proceeding on that. The Court then finding that you have committed a contemptuous act in the presence of the Court.

According to the deputy's incident report, DuBray actually said "fuckin' bitch."

[¶ 4.] During DuBray's sentencing for criminal (direct) contempt, the trial court explained:

> MR. HUSS: Your Honor, for clarification purposes, based upon some of these statements that you made, you indicate

Mark Barnett, Attorney General, Grant Gormley, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

David J. Huss, Rapid City, South Dakota, Attorney for defendant and appellant.

that Mr. Dubray uttered the obscenity outside the courtroom?

THE COURT: He uttered it right here. I could hear he had uttered something underneath his breath. He had already beat on the wood railing which in itself is a contemptuous act committed in the direct presence of the Court. The Court then finds his utterance in the presence of the deputy under his breath as he was going out of the corner here further contemptuous. The deputy then had him step back in and asked him to repeat it, he stated, then he repeated. The Court finds both those acts to be direct contempt of this Court and sentenced to 25 days for which he will receive no credit. Now, I've prepared an order, you are certainly permitted to obtain a copy.

If there is nothing further we're adjourned and that direct contempt being 23A–38–1. The Court finds it's necessary for control of the Court's decorum and to assure that all litigants express proper respect towards the Court and towards judicial proceedings.

We're adjourned.

## ISSUE ONE

[¶ 5.] **Does the Supreme Court have jurisdiction to hear DuBray's appeal?**

■ [¶ 6.] The State contends that an appeal from an order of direct contempt is not an appeal from a final judgment of conviction and therefore not subject to appeal under SDCL 23A–32–2, which provides:

An appeal to the Supreme Court may be taken by the defendant from final judgment of conviction.

The State also claims that this Court has no jurisdiction because the appellate case was not "disposed of" within 30 days of filing the appeal pursuant to SDCL 23A–38–7, which provides:

Any person confined pursuant to § 23A–38–1 or 23A–38–2 shall be admitted to bail or released in accordance with chapter 23A–43, pending the determination of an appeal taken by him from the order of his confinement unless it affirmatively appears that the appeal is frivolous or taken for delay. Any appeal from an order of confinement under this section shall be disposed of as soon as practicable, and in no event more than thirty days from the filing of such appeal.

[¶ 7.] In 1893, this Court recognized that a final judgment in proceedings for criminal contempt could be reviewed by a writ of error under the general criminal procedure statutes. *State v. Knight,* 3 S.D. 509, 54 N.W. 412 (1893). In 1919, however, writs of error were abolished and appeal substituted. S.D.Rev.Code 1919, §§ 5030, 5031. Thereafter, in 1934, this Court held that a criminal contempt proceeding is a criminal proceeding, "and the adjudication is a judgment of conviction" appealable under the statute that then allowed appeals "[f]rom a final judgment of conviction." *State v. American–News Co.,* 62 S.D. 456, 465, 253 N.W. 492, 496 (1934). This Court has continued to adhere to this precedent by allowing criminal contempt appeals pursuant to SDCL ch. 23A–32. *See State v. Bullis,* 315 N.W.2d 485 (S.D. 1982); *Karras v. Gannon,* 345 N.W.2d 854 (S.D.1984). Therefore, this Court has jurisdiction to review this case.

## ISSUE TWO

[¶ 8.] **Did the trial court err when it found DuBray in direct criminal contempt of court pursuant to SDCL 23A–38–1?**

■ [¶ 9.] SDCL 23A–38–1 provides:

Criminal contempt may be punished summarily if a judge or magistrate judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. An order of contempt shall recite the facts and shall be signed by the judge or magistrate judge and entered of record. Contempt prosecut-

ed under this section shall be punishable by imprisonment of not more than thirty days in the county jail or a fine not exceeding one hundred dollars, or both.

[¶ 10.] DuBray contends that his actions do not rise to the level of criminal contempt because he merely whispered to himself outside of the courtroom. Consequently, he argues his actions were outside of the presence of the court, that did not either see or hear them. He also claims that the use of the term "bitch," while inappropriate, is not necessarily disparaging to women.

[¶ 11.] The act of criminal contempt is directed at the power and dignity of the court. *American–News*, 62 S.D. at 459, 253 N.W. at 493. It is "usually defined as words spoken or acts committed in the presence of the court or during its intermission which tend to subvert, embarrass or prevent the administration of justice and may be summarily punished by the presiding judge as [she] may deem just and necessary." *Fienup v. Rentto*, 74 S.D. 329, 331–32, 52 N.W.2d 486, 488 (1952). "To constitute direct contempt, the act must be within the judge's personal knowledge, although it does not necessarily have to occur inside a court or during the judicial proceeding." 17 CJS *Contempt* § 4 (1999). "Direct contempt occurs when contumacious acts take place in the presence of the court, . . . or when the acts are committed outside the presence of the judge but are admitted in open court." *In re Marriage of Marshall*, 278 Ill.App.3d 1071, 215 Ill.Dec. 599, 663 N.E.2d 1113, 1120–1121 (1996).

[¶ 12.] In this case, the court saw DuBray pound the railing of the jury box, told him to cease and desist, and found this act to be contemptuous. In addition, the court heard DuBray utter something un-der his breath and within seconds DuBray admitted, in open court, to using the term "bitch." The term "bitch" is slang used in some circumstances among some circles, but when applied to a woman, it is, by definition, offensive.* The American Heritage College Dictionary, 3d ed (1997). While contempt of court is directed to the court itself rather than to the individual judge, in court proceedings the court is so much the judge and the judge so much the court that contempt of one is contempt of another. 17 CJS *Contempt* at § 3. Here, it was clearly directed at a female judge, as DuBray's letter of apology indicates.

[¶ 13.] The court was correct in finding DuBray in direct criminal contempt of court under SDCL 23A–38–1. The court's comments are apt, "The Court finds it's necessary for control of the Court's decorum and to assure that all litigants express proper respect towards the Court and towards judicial proceedings."

## ISSUE THREE

[¶ 14.] DuBray also contends that he was entitled to a contempt hearing under SDCL 23A–38–2 and disqualification of the judge at this hearing because his contempt was not direct. DuBray committed direct, criminal contempt. Accordingly, there is no merit to this issue.

[¶ 15.] Affirmed.

[¶ 16.] MILLER, Chief Justice, SABERS, AMUNDSON, KONENKAMP and GILBERTSON, Justices, participating.

---

* Dubray claims he did not intend the negative connotation concerning women when he referred to the trial court as a "bitch." Under the circumstances of this case, such a claim is dubious. However even if Dubray's claim is accepted at face value, the other recognized definition of this term is that of a female dog. *See* Webster's New World Dictionary, (2d ed 1984) Thus, even under Dubray's interpretation of the incident, he called the court a dog which in itself is contemptuous.